IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASSIR FAZAGA et al.<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION et al.,<br><br>Defendants-Appellees. | No. 13-55017 |
| YASSIR FAZAGA et al.<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>BARBARA WALLS et al.<br><br>Defendants-Appellants. | No. 12-56867 |

| | |
|---|---|
| YASSIR FAZAGA et al.<br><br>    Plaintiffs-Appellees,<br><br>        v.<br><br> PAT ROSE et al.,<br><br>    Defendants-Appellants. | No. 12-56874 |

# JOINT MOTION TO CONSOLIDATE
# CASES AND SET BRIEFING SCHEDULE

All parties in the above-captioned appeals jointly move to consolidate three related appeals arising from the same district court case and to set a single briefing schedule for the consolidated appeals.

1.  In this case, plaintiffs present constitutional and statutory challenges to FBI counter-terrorism activity in Southern California, claiming, *inter alia*, that an FBI investigation—"Operation Flex"—unconstitutionally and unlawfully targeted them and others on the basis of their Muslim religion.  Plaintiffs' eleven-count complaint seeks damages from several FBI officials in their individual capacities for conduct they

2

claim was connected with that investigation; injunctive relief against both the FBI, and FBI officials in their official capacities; as well as damages from the FBI.

The district court dismissed all of plaintiffs' claims, except for a statutory claim brought under the Foreign Intelligence Surveillance Act (FISA) against the individual-capacity defendants (both opinions attached). Based on the federal government's assertion of the state-secrets privilege, the district court dismissed ten of plaintiffs' eleven claims. The court held that those claims could not be litigated without risking the disclosure of privileged national-security information. State Secrets Op. 25-28. The district court also dismissed a claim brought against the United States under the FISA on the ground that it does not waive the sovereign immunity of the United States. FISA Op. 5-6.

The court did not dismiss plaintiffs' FISA claims against the individual-capacity defendants—FBI Agents J. Stephen Tidwell, Barbara Walls, Pat Rose, Kevin Armstrong, and Paul Allen. As to those claims, the district court concluded that plaintiffs had pleaded sufficient facts to make

3

it plausible that those defendants violated clearly established law in conducting surveillance in violation of FISA. FISA Op. 9-12.

    2. The individual-capacity defendants, who are represented by two different private law firms, filed two interlocutory appeals from the district court's order denying them qualified immunity on the FISA claim, which have been docketed in this court as No. 12-56867 (Tidwell and Walls), and No. 12-56874 (Rose, Armstrong, and Allen). The district court thereafter granted plaintiffs' motion to certify as a partial final judgment its order dismissing all the other claims in the case. *See* Fed. R. Civ. P. 54(b). Plaintiffs' appeal from that partial final judgment has been docketed in this court as No. 13-55017.[1]

---

[1] In No. 13-55017, plaintiffs appeal the district court's partial final judgment dismissing in whole ten of the eleven counts of plaintiffs' complaint based on the government's assertion of the state-secrets privilege, and dismissing the eleventh count—the FISA claim—in part against the United States based on sovereign immunity. The only claims in the case that the district court did not dismiss are the FISA claims against the individual-capacity defendants, and those claims are at issue in separate appeals pending in this Court, Nos. 12-56867, and 12-56874.

3. All parties to these three appeals agree that the appeals should be consolidated and briefed in a single consolidated appeal. All three appeals arise from the same case, involve overlapping factual and legal issues, and involve many of the same parties. Judicial economy strongly counsels in favor of briefing all of these cases as part of a single appeal.

4. Because plaintiffs' appeal involves the majority of the case—all ten of the counts against the government and ten of the eleven counts against the individual-capacity defendants—while the individual-capacity defendants' FISA appeals represent a relatively small portion of the case, the parties therefore agree and respectfully submit that the appeals of the individual-capacity defendants in Nos. 12-56867 and 12-56874 should be consolidated into plaintiffs' state-secrets privilege appeal, No. 13-55017. It would promote economy for the bulk of the issues in the case—ten of plaintiffs' eleven claims, and part of plaintiffs' eleventh claim—to be introduced and discussed in the first brief, with the remaining FISA issue against the individual-capacity defendants introduced later.

In addition, because the claims before this Court in the three appeals include both issues on which the individual-capacity defendants prevailed and the single FISA issue on which they did not prevail, the individual-capacity defendants should be treated like cross-appellants in a consolidated appeal and file their briefs on a schedule similar to cross appellants under Federal Rule of Appellate Procedure 28.1. Plaintiffs—who are appellees in the individual-capacity defendants' appeal, but appellants in their state-secrets appeal—correspondingly should be treated like cross-appellees as to the FISA issue being appealed by the individual-capacity defendants.

As a result of the overlap between the issues in the three appeals, however, the individual-capacity defendants do not need as many words for their briefs as they normally would have in a cross-appeal. On the other hand, because plaintiffs will need to respond to three sets of briefs filed by three sets of defendants, plaintiffs should have significantly more words than the word limits a traditional appellant/cross-appellee would have.

5. The parties therefore agree and respectfully submit that briefing should proceed as follows:

- No later than May 23, 2014, plaintiffs file an opening brief of no more than 26,000 words addressing whether the district court correctly dismissed 10 of the eleven counts of their complaint and whether the district court correctly dismissed the FISA claim against the United States.

- No later than July 18, 2014, the government would file an appellee brief of no more than 14,000 words defending the district court's dismissal.

- No later than August 1, 2014,[2] each set of individual-capacity defendants would file an appellee/cross-appellant brief of no more than 13,000 words each (1) defending the district court's dismissal decision and (2) explaining why the district court's refusal to dismiss the FISA claims against them was in error.

- No later than October 10, 2014, plaintiffs would file a "reply/cross-appellee" brief of no more than 26,000 words responding to the government's brief and the individual-capacity defendants' briefs.

- No later than November 11, 2014, each set of individual-capacity defendants would file a "cross-appellant reply" brief

---

[2] Staggering the due-dates for the individual-capacity defendants' briefs and the government's brief would promote economy by enabling the individual-capacity defendants to avoid repeating arguments already advanced by the government in defense of the district court's dismissal decision.

7

of no more than 4,000 words, limited to discussion of the FISA issues.

This consolidation schedule and these word limits will ensure that the Court receives briefs from the parties that discuss the issues in the case completely, but with a minimum of duplication and in an order that most accurately tracks the effect of the district court's decision on appeal.

## CONCLUSION

For the foregoing reasons, No. 12-56867 and No. 12-56874 should be consolidated into No. 13-55017.  Briefing should proceed in the consolidated appeal as outlined above.

| | Respectfully submitted, |
|---|---|
| PETER BIBRING<br><br>s/ Ahilan T. Arulanantham<br>AHILAN T. ARULANANTHAM<br>ACLU Foundation of Southern California<br>1313 W. Eighth St.<br>Los Angeles, CA 90017 | DOUGLAS N. LETTER<br><br>s/ Henry C. Whitaker<br>HENRY C. WHITAKER<br> (202) 514-3180<br>Civil Division, Appellate Staff<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W., Rm. 7256<br>Washington, D.C. 20530 |
| HOWARD M. SHAPIRO<br><br>s/ Carl J. Nichols<br>CARL J. NICHOLS<br> (202) 663-6606<br>WilmerHale LLP<br>1875 Pennsylvania Ave. NW<br>Washington, D.C. 20006<br>KATIE MORAN<br> (213) 443-5300<br>WilmerHale LLP<br>350 S. Grand Ave. Suite 2100<br>Los Angeles, CA 90071 | DAVID SCHEPER<br><br>s/ Alexander H. Cote<br> (213) 613-4655<br>ALEXANDER H. COTE<br>AMOS A. LOWDER<br>ANGELA M. MACHALA<br>Scheper Kim & Harris LLP<br>601 W. Fifth Street, 12th floor<br>Los Angeles, CA 90071-2025 |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2014, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                    **/s/ Henry C. Whitaker**
                                                    HENRY C. WHITAKER