Consolidated Case Nos. 13-55017, 12-56867, 12-56874
_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.
_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)
_____

## PLAINTIFFS-APPELLANTS' MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48)
_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
ACLU Foundation
 of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Plaintiffs respectfully request that the Court reconsider its order permitting the Government to file *ex parte* legal argument. *See* 9th Cir. R-27-10(a)(3).[1] The federal government Defendants have stated that they oppose this motion. The individual capacity defendants have stated that they take no position on this motion.

On March 13, 2015, the Government Defendants (hereinafter "the Government") filed a motion for leave to file under seal *both* a classified excerpts of record and a brief of approximately six pages containing legal argument that Plaintiffs would not be permitted to see. Dkt. 47. The Government noted in its motion that Plaintiffs opposed the motion with respect to the classified brief. *See id*. at 3. Three days later, this Court granted Defendants' motion as to both documents. *See* Dkt. 48.

Plaintiffs respectfully request that this Court reconsider the order only with respect to the Government's *ex parte* brief, for three reasons.[2]

---

[1] This Court permits motions for reconsiderations where a party can "state with particularity the points of law or fact which, in the opinion of the movant, the court has overlooked or misunderstood. Changes in legal or factual circumstances which may entitle the movant to relief also shall be stated with particularity." 9th Cir. Rule 27-10(a)(3).

[2] Plaintiffs do not object to Defendants' submission of materials that were before the district court to the extent necessary for this Court to have access to the record below in order fully to consider the issues on appeal. Plaintiffs objected to the Government's submission of secret evidence and argument to the district court, *see Fazaga v. F.B.I*, No. 11-301-CJC (Aug. 4, 2011) Dkt. 39, and urge again here their position that no court should consider the Government's secret evidence without

1

*First*, as Plaintiffs argued below, *see* Plaintiffs' *Ex Parte* Application to Stay Review of Government Defendants' In Camera Filings, *Fazaga v. F.B.I*, No. 11-301-CJC (Aug. 4, 2011) Dkt. 39, elemental due process principles in federal litigation counsel against the use of *ex parte* process, particularly when it involves legal argument rather than just evidence. Even where *ex parte* submissions are permitted, courts have generally required a showing that no alternative mechanism – such as the use of unclassified summaries or security clearance for opposing counsel - would protect the Government's national security interests while simultaneously allowing the adversarial process to function.

For example, in rejecting the use of secret evidence in legalization proceedings involving individuals without immigration status about whom the Government had national security concerns, this Court held that "undisclosed information in adjudications should be presumptively unconstitutional. Only the most extraordinary circumstances could support one-sided process." *American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1070 (9th Cir. 1995); *see also United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987) (reasoning, in holding that district court violated Due Process by refusing to allow defense counsel to hear government's reasons for use of peremptory challenges,

---

*first* determining that the state secrets privilege can be invoked in this case, and, relatedly, that the consideration of secret evidence is appropriate at this extremely preliminary stage of the litigation. *See id.*; *see also* Dkt. 32 at 50-69; 69-86.

that "ex parte proceedings are anathema in our system of justice" and only tolerated in the most compelling of circumstances). As Justice Frankfurter wrote over fifty years ago, "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring) (holding use of ex parte evidence unauthorized by statute in employment context, even given national security concerns).

The general rule against the use of *ex parte* proceedings has particular force when it comes to legal argument. Legal claims should not themselves be secret, and the benefits of adversarial process as applied to legal analysis and argument should be at least as apparent as with evidence. *See United States v. Abuhamra*, 389 F.3d 309, 322 (2d Cir. 2004) (rejecting attempt to rely on secret evidence and holding that "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to *correct or contradict arguments* or evidence offered by the other") (emphasis added); *Guenther v. Commissioner*, 939 F.2d 758, 760-61 (9th Cir. 1991) (finding Fifth Amendment violation when the Defendant was not permitted an opportunity to adequately respond to Plaintiff's allegations in a memorandum filed *ex parte*

3

with the trial judge).[3]

As a result, the due process interest in adversarial adjudication requires that this Court permit *ex parte* proceedings of any kind, let alone *ex parte* legal argument, only upon a showing that "no alternative means of meeting [the] need [to maintain the secrecy of certain evidence] exist other than *ex parte* submission.". *Abuhamra*, 389 F.3d at 321 (rejecting use of secret evidence in bail context); *cf. Waller v. Georgia,* 467 U.S. 39, 48 (1984) (holding that, prior to closure of pre-trial criminal proceedings, "the trial court must consider reasonable alternatives to closing the proceeding").

*Second*, apart from the severe due process problems that arise from ex parte legal argument, both the First Amendment and the common law access to courts doctrine (as well as this Court's rules for filings under seal) create the same basic legal requirement that arises from the Due Process Clause. The strong presumption of access to court records can only be overcome by "compelling reasons" sufficient to outweigh the presumption of disclosure. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts have repeatedly applied

---

[3] Defendants asserted in their motion that these "types of procedures" were used in *Islamic Shura Council of Southern California v. FBI*, No. 12-55305 (Mar. 25, 2013) and *Mohamed v. Jeppesen Dataplan, Inc.*, No. 08-15693 (Sept. 3, 2008). See Dkt. 47 at 3. However, it is unclear what aspect of the Government's conduct was contested in those cases. More importantly, neither order provides any explanation for why the conduct approved of can be reconciled with the law set forth in this motion.

4

that rule in national security cases. *See, e.g.*, *United States v. Moussaoui*, 65 Fed. Appx. 881, 887 (4th Cir. 2003) (rejecting the government's request for closed appellate argument and noting that "the mere assertion of national security concerns by the Government is not sufficient reason to close a hearing or deny access to documents"); *In re Washington Post Co. v. Soussoudis*, 807 F.2d 383, 391-92 (4th Cir. 1987) (holding that traditional First Amendment prerequisites to closure or sealing are "fully applicable in the context of closure motions based on threats to national security" and stating that "[a] blind acceptance by the courts of the government's insistence on the need for secrecy. . . . would impermissibly compromise the independence of the judiciary and open the doors to possible abuse"); *cf. Detroit Free Press v. Ashcroft*, 303 F. 3d 681, 711 (6th Cir. 2002) (rejecting blanket closure of immigration proceedings involving national security information on First Amendment grounds).[4]

Here, the Government has not made a showing that its *ex parte* brief, which is presumably composed primarily of various legal arguments, must be kept entirely secret from its adversary in this proceeding, and that no alternatives,

---

[4] Although the public interest would arise whether or not particular media organizations were interested in any given case, the media has taken a particular interest in this case. *See, e.g.*, Shan Li, *FBI violated 1st Amendment rights of Muslims, suit alleges*, Los Angeles Times (Feb. 24, 2011); Hamed Aleaziz, *Want to Sue the FBI for Spying on Your Mosque? Sorry, That's Secret*, Mother Jones (Aug. 8, 2011); *Even Liars Get to Invoke State Secrets*, emptywheel (Aug. 15, 2012) (available at https://www.emptywheel.net/tag/fazaga-v-fbi/).

including either the possibility of cleared counsel or the use of unclassified summaries, could be used to remedy the unfairness. That omission is particularly striking given that the Government has utilized such alternatives in other litigation involving national security issues, including most obviously in habeas petitions filed by alleged enemy combatants detained at Guantanamo. Numerous hearings that have occurred pursuant to those procedures make clear that they can be implemented without endangering the national security. *See, e.g.*, *In re Guantanamo Bay Detainee Litig.*, 2008 U.S. Dist. LEXIS 97095, 102 (D.D.C. Nov. 6, 2008) (citing *Boumediene v. Bush*, 553 U.S. 723, 784 (2008)) (ordering, under a protective order, meaningful disclosure of the factual basis for the detention as well as exculpatory and impeachment evidence, and specifying that if any of the materials ordered disclosed are classified, the government must still disclose them to any plaintiff's counsel with security clearance or "provide the petitioner an adequate substitute"); *Dhiab v. Bush*, 2008 U.S. Dist. LEXIS 93503, 13 (D.D.C. Nov. 17, 2008) (ordering same, and holding that before hearsay may be admitted courts must consider "whether provision of nonhearsay evidence would unduly burden the movant or interfere with the Government's efforts to protect national security"); *In re Guantanamo Bay Detainee Litig.*, 2009 U.S. Dist. LEXIS 10052 (D.D.C. Jan. 30, 2009) (describing mechanisms for enforcement of disclosure requirements); *see also Harris v. Nelson*, 394 U.S. 286, 300 n.7 (1969)

6

("[D]istrict courts have power to require discovery when essential to render a habeas corpus proceeding effective.").

The Government may argue that such alternatives are unworkable because the argument in its brief is inextricably linked to discussion of the classified evidence at issue. However, to the extent this Court determines that the brief and underlying evidence is itself properly classified, the Court can order the government to process Plaintiffs' counsel for appropriate security clearances on an expedited basis. *See, e.g.*, *Parhat v. Gates,* 532 F.3d 834, 837 n.1, 840 (D.C. Cir. 2008) (noting that counsel were given access to the classified portions of the court's opinion, which are redacted from the public's view, as well as the classified portions of the record); *Bismullah v. Gates*, 501 F.3d 178, 198-99 (D.C. Cir. 2007) (approving protective order that permits petitioner's counsel to receive classified information upon receipt of security clearance and satisfaction of other conditions). The Court could also require some form of unclassified summary. *Abuhamra*, 389 F.3d at 321, 330 (stating that due process requires, at a minimum, some "substitute disclosure").[5]

---

[5] Just as in the FOIA context, *see, e.g.*, *Hayden v. NSA*, 608 F.2d 1381, 1384 (D.C. Cir. 1979) (holding that the "court must make a de novo review of the agency's classification decision, with the burden on the agency to justify nondisclosure"), *this Court* would have to determine that the information the Government has chosen to classify must remain sealed in its entirety if the Government insists on the use of *ex parte* procedures in this Court. Indeed, if the Government claims that portions of the order contain classified information, the Court has the authority and

*Finally*, Plaintiffs have objected to the Government's invocation of the state secrets privilege in this case — putting at issue not just whether the Government's submission rises to the level of a state secret, but whether the nature of Plaintiffs' claims would ever justify dismissal on state secrets at the motion to dismiss stage, and whether the district court should have dismissed claims on state secrets grounds when the court will consider the same evidence on Plaintiffs' FISA claims through the protective mechanism of FISA. See Dkt. 32-2 at 50-69. The rule strongly disfavoring secret briefing counsels against consideration of the Government's *ex parte* brief, at least until this Court has decided whether the state secrets privilege can be invoked in this type of litigation and at this stage of the proceedings.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court

---

the obligation to independently review whether that information is properly classified pursuant to the Executive Order or other classification authority on which the Government relies. *See United States v. Rosen*, 487 F. Supp. 2d 703, 716-17 (E.D. Va. 2007) (holding that, even as to classified information, due process and First Amendment "require a judicial inquiry into the legitimacy of the asserted national security interest, and specific findings, sealed if necessary, about the harm to national security that would ensue if the request to close the [criminal] trial is not granted," and further that "a generalized assertion. . . . of the information's classified status. . . . is not alone sufficient to overcome the presumption in favor of open trials"); *cf. Freedman v. Maryland*, 380 U.S. 51, 58 (1965) (holding that First Amendment required prompt judicial determination in adversary proceeding of censorship order).

reconsider that portion of its order which grants the Government's motion to file an ex parte and under seal brief. The Court should deny that portion of the Government's motion without prejudice to the Government doing one of the following within 30 days: filing a statement that it will expeditiously process Plaintiffs' counsel for security clearances that would allow them to read the Government's brief; or filing a partially-redacted version of their brief that contains unclassified summaries of the redacted portions, coupled with a motion and declaration explaining why that brief constitutes the only available alternative, notwithstanding the alternatives described above, including those used in the Guantanamo detainee cases, that would preserve its national security interests notwithstanding the Due Process, common law, and First Amendment interests at stake.

                                            Respectfully submitted,

                                            ACLU OF SOUTHERN CALIFORNIA

Dated: March 31, 2015                s/ Ahilan T. Arulanantham
                                            AHILAN T. ARULANANTHAM
                                            Counsel for Plaintiffs-Appellants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2015, I caused to be electronically filed the foregoing PLAINTIFFS-APPELLANTS' MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48) , with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 s/Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Plaintiffs-Appellants

10