IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASSIR FAZAGA, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL BUREAU OF<br>  INVESTIGATION, et al.,<br><br>    Defendants-Appellees. | Nos. 12-56867, 12-56874,<br>13-55017 |

**UNITED STATES' OPPOSITION TO
MOTION FOR PARTIAL RECONSIDERATION**

    Plaintiffs seek reconsideration of this Court's order granting the government's motion for leave to file, *ex parte* and under seal, a classified brief. Plaintiffs do not ask this Court to reconsider the portion of its order granting leave for the government to file classified excerpts of record *ex parte* and under seal; they contend only that the government should not have been permitted to file a classified brief discussing that classified information and explaining its relevance. As explained below, the government's motion was properly granted in its entirety, particularly because, in granting the motion, the Court here acted consistently with the recognized practice followed by this Court and its sister Circuits in cases involving assertions of the state secrets privilege.

1. This appeal concerns the application of the state secrets privilege, which by definition involves "matters which, in the interest of national security, should not be divulged." *United States v. Reynolds*, 345 U.S. 1, 10 (1953). The United States accordingly filed, in the district court, classified declarations describing information relevant to the issues in this case whose disclosure could reasonably be expected to cause significant harm to national security. The government also filed a classified memorandum in the district court discussing the classified declarations.

The district court dismissed several counts of the complaint based on the state secrets privilege. As contemplated by this Court's precedent, the district court premised its ruling on its """independent determination whether the information is privileged.""" Order Granting Mots. to Dismiss Based on State Secrets Privilege 22 [ER 52] (quoting *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1081 (9th Cir. 2010) (en banc), in turn quoting *Al-Haramain Islamic Found. v. Bush*, 507 F.3d 1190, 1202 (9th Cir. 2007)). That determination "heavily relie[d] upon the classified declarations and . . . memorandum." *Id.* at 24 [ER 54].

2. On appeal, plaintiffs contest the application of the state secrets privilege to this case. Resolution of that issue requires at least some evaluation by this Court of how the national security information here relates to the standards established by the Supreme Court and this Court for considering state secrets claims by the government. Significantly, plaintiffs do not contest that this Court appropriately permitted the government to file its classified excerpts of record *ex parte* and under seal in this Court

2

"to the extent necessary for this Court to have access to the record below in order fully to consider the issues on appeal." Mot. 1 n.2. Plaintiffs mistakenly suggest, however, that this Court should have prevented the government from filing a short classified brief *ex parte* and under seal discussing that very information.

Although plaintiffs correctly note that *ex parte* filings are disfavored as a general matter, the state secrets privilege exists precisely because certain matters cannot be the subject of adversarial litigation. In state secrets cases, this Court has a "special burden to assure itself that an appropriate balance is struck between protecting national security matters and preserving an open court system." *Al-Haramain*, 507 F.3d at 1203. Plaintiffs provide no basis for suggesting that the Court must proceed without the benefit of briefing from the government to assist the Court in determining the legal relevance of the classified information at issue in this case.

Plaintiffs do not advance their argument by pointing to other circumstances, not involving the state secrets privilege, in which an interest in disclosure was held to outweigh national security interests. *See* Mot. 4-6. This case involves the state secrets privilege, in which the submission of *ex parte* classified materials is plainly appropriate. The Supreme Court has held that when the state secrets privilege is formally invoked "by the head of the department which has control over the matter," *Reynolds*, 345 U.S. at 8—here, the Attorney General of the United States, *see* Holder Decl. ¶ 3 [ER 284]—the "court itself must determine whether the circumstances are

3

appropriate for the claim of privilege, and yet do so without forcing a disclosure of the very thing the privilege is designed to protect." *Reynolds*, 345 U.S. at 8.

In carrying out that function, courts are entitled to the assistance of briefing from the government relating to the privileged national security information. In *Jeppesen*, for example, this Court expressly relied on "[t]he government's classified briefing and supporting declarations," deeming them "crucial to [its] decision." *Jeppesen*, 614 F.3d at 1084 n.6. Likewise, in *Al-Haramain*, this Court reviewed classified briefs that were submitted *ex parte* to assess the government's assertion of the state secrets privilege. *See Al-Haramain*, 507 F.3d at 1203. Plaintiffs have cited no state secrets case in which a court of appeals has refused to accept an *ex parte* classified brief, and provide no basis for this Court to depart from the practice of this Court and other courts of appeals of accepting *ex parte* briefs containing classified information in various contexts.[1]

---

[1] In addition to the cases discussed in the text, the government has filed *ex parte* classified appellate briefs in numerous other cases involving state secrets or other sensitive matters, including but not limited to *ACLU v. Department of Justice*, 681 F.3d 61 (2d Cir. 2012); *Jewel v. NSA*, 673 F.3d 902 (9th Cir. 2011); *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 613 F.3d 220 (D.C. Cir. 2010); *El-Masri v. United States*, 479 F.3d 296 (4th Cir. 2007); *Jifry v. FAA*, 370 F.3d 1174 (D.C. Cir. 2004); *National Council of Resistance of Iran v. Dep't of State*, 373 F.3d 152 (D.C. Cir. 2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156 (D.C. Cir. 2003); *National Council of Resistance of Iran v. Department of State*, 251 F.3d 192 (D.C. Cir. 2001); and *People's Mojahedin Org. of Iran v. U.S. Department of State*, 182 F.3d 17 (D.C. Cir. 1999). In *Jewel*, this Court rejected a motion to strike an *ex parte* classified brief related to the state secrets privilege. Order, *Jewel v. NSA*, No. 10-15616 (9th Cir. Aug. 4, 2011) (denying motion to strike *ex parte* classified brief).

Plaintiffs note that the privileged information here may be relevant only to some of the legal arguments in this case, and not others. *See* Mot. 8. The United States agrees that some of the issues presented do not depend on national security information. *See, e.g.*, U.S. Br. 24-35. But the presence of such issues provides no basis for depriving this Court of briefing on those issues properly presented on appeal that do relate to classified information.

3. Plaintiffs are wrong to suggest that alternative procedures are available to address the government's national security concerns. Plaintiffs' suggestion that the government must disclose classified information to counsel for plaintiffs in order to invoke the privilege (*see* Mot. 7) is directly contrary to the Supreme Court's admonition that a court's assessment of the state secrets privilege must be done "without forcing a disclosure of the very thing the privilege is designed to protect." *Reynolds*, 345 U.S. at 8. The Second Circuit has thus found it "[u]narguabl[e]" that "plaintiffs have no right of access to material that the government contends contains state secrets," and concluded that proceedings relating to the state secrets privilege "were held *ex parte* and *in camera* for good and sufficient reason . . . to ensure that legitimate state secrets were not lost in the process." *Doe v. CIA*, 576 F.3d 95, 106, 108 (2d Cir. 2009). And the D.C. Circuit has described it as "well settled" that courts "should not permit the requester's counsel to participate in an *in camera* examination of putatively privileged material," explaining that "our nation's security is too important to be entrusted to the good faith and circumspection of a litigant's lawyer

5

(whose sense of obligation to his client is likely to strain his fidelity to his pledge of secrecy) or to the coercive power of a protective order." *Ellsberg v. Mitchell*, 709 F.2d 51, 61 (D.C. Cir. 1983); *see also General Dynamics Corp. v. United States*, 131 S. Ct. 1900, 1904 (2011) (noting that special controls for classified information released to private counsel failed to "prevent[] the unauthorized disclosure of military secrets"); *Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005) (rejecting request for "special procedures" to allow suit to proceed despite privileged information, noting that "[s]uch procedures, whatever they might be, still entail considerable risk").

As this Court has recognized, "[t]he decision to grant or revoke a security clearance is committed to the discretion of the President by law." *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990). It would thus be extraordinary for the judiciary to require the Executive Branch to provide anyone with access to classified information, and plaintiffs cite no case in which a court of appeals has done so. In the state secrets context, as discussed above, this Court has repeatedly reviewed classified information without requiring disclosure to opposing counsel, "acknowledg[ing] the need to defer to the Executive on matters of foreign policy and national security" and recognizing that the Court "surely cannot legitimately find [itself] second guessing the Executive in this arena." *Al-Haramain*, 507 F.3d at 1203. Citing precedent from several other courts of appeals, this Court has observed that "[e]laborating the basis for the claim of privilege through *in camera* submissions is unexceptionable." *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998).

The Executive Branch has not authorized counsel for plaintiffs or counsel for the individual defendants to review the privileged national security information at issue here. And plaintiffs do not oppose the *ex parte* filing in this Court of classified information. There is no basis for plaintiffs' apparent view that they become entitled to review classified information if the government explains the legal relevance of that information in a brief.

To support their view that the government should be required to provide security clearances and access to classified information, plaintiffs rely on cases involving habeas challenges to continuing law of war detention at the Guantanamo Bay Naval Base. But the Guantanamo cases involve detainees' liberty interests in being free from custodial detention, an interest with no parallel in this case. In the unique and sensitive circumstance arising from Executive-imposed detentions, the government chose to provide qualified, security-cleared habeas counsel with access to classified information that the government was willing to disclose to counsel. Even in those circumstances, the government sought and obtained a protective order regulating counsel's access to sensitive and classified information. *See In re Guantanamo Detainee Cases*, 577 F. Supp. 2d 143 (D.D.C. 2008). Moreover, nothing in the Guantanamo protective order requires the government to disclose classified information, and nothing in the order entitles petitioners or their counsel access to information filed *ex parte* or *in camera*. *See id.* at 154 (¶ 48(b)); *see also Bismullah v. Gates*, 501 F.3d 178, 198 (D.C. Cir. 2007) ("Without authorization from the Government,

7

neither Petitioner nor Petitioner's Counsel may have access to any classified information involved in this case.").

Plaintiffs' contrary argument in their motion is of a piece with their merits argument that the state secrets privilege should not apply in this case. *Compare* Mot. 7 (arguing for disclosure of classified information based on habeas cases), *with* Pls.' Br. 77-79 (relying on procedures in habeas cases to contend that state secrets privilege should not apply in this case). We disagree with this argument, for the reasons stated in our merits brief. But in any event, whether or not the district court properly applied the state secrets privilege, plaintiffs' suggestion that the government must disclose classified information as a condition of *invoking* the state secrets privilege would unravel the very purpose of the privilege. "The plaintiffs do not create [a right of access] by asserting that they seek access to enable them to argue that the alleged state secrets are not really state secrets." *Doe*, 576 F.3d at 106.

4. Plaintiffs suggest in the alternative that the government should file "a partially-redacted version of [its] brief that contains unclassified summaries of the redacted portions." Mot. 9. But the government has effectively already filed a partially redacted version of its brief. As is its customary practice, the United States filed on the public record a brief containing those portions of its argument that could be made public. Only those matters that could not be discussed on the public record were included in the classified brief.

8

In some cases, the government files a classified brief and a redacted version of that brief, removing those portions of the brief that may not be publicly disclosed. Here, it was possible to assemble the unclassified material that would appear in the brief in a single stand-alone document, and separately to file a classified brief addressing the classified information. While in some cases the use or relevance of legal authority will need to be kept confidential, in this case, the classified brief contains no citations to legal authority, but instead merely discusses the classified declarations themselves. The government's legal arguments appear in the publicly filed brief.[2]

For the foregoing reasons, the motion for reconsideration should be denied.

Respectfully submitted,

DOUGLAS N. LETTER

s/ Daniel Tenny
DANIEL TENNY
*Attorneys*
*Civil Division, Room 7215*
*Department of Justice*
*950 Pennsylvania Avenue, N.W.*
*Washington, D.C. 20530-0001*
*(202) 514-1838*

APRIL 2015

---

[2] The classified brief contains an introductory paragraph and a concluding paragraph that have been marked as unclassified, neither of which contains anything that has not been stated in the government's unclassified filings. We have nonetheless, in the interest of transparency, reproduced those paragraphs in an attachment to this filing.

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of April, 2015, I filed the foregoing via the Court's CM/ECF system. The CM/ECF system will effect service on all counsel of record.

s/ Daniel Tenny
Daniel Tenny

**ADDENDUM: UNCLASSIFIED PARAGRAPHS OF CLASSIFIED BRIEF**

*Opening paragraph*

The government's classified declaration set forth the background of the investigation at issue and explained why disclosure of information related to that investigation reasonably could be expected to cause significant harm to national security.[1]

*Concluding paragraph*

For the reasons set forth in the Giuliano Declaration, disclosure of the details of Operation Flex, while needed to litigate the case and, in particular, to respond to plaintiffs' allegations, reasonably could be expected to cause significant harm to national security.

---

[1] This brief is derived from the classified declarations of Mark Giuliano that were filed in the district court, which have been submitted *ex parte* and under seal in the Classified Excerpts of Record. The attachments to Assistant Director Giuliano's declaration will be made available upon request through a Classified Information Security Officer.