Consolidated Case Nos. 13-55017, 12-56867, 12-56874

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.

_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)

_____

**REPLY IN SUPPORT OF PLAINTIFFS-APPELLANTS' MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48)**

_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

> *Hear one side, you will be in the dark.*
> *Hear both sides and all will be clear.*

That maxim so concisely states the central importance of transparent and adversarial judicial process that it is inscribed as a frieze in the office of Circuit Justice Anthony M. Kennedy in this Court's San Francisco courthouse.[1] Plaintiffs here seek only to have this Court honor that maxim consistent with applicable law.

Contrary to the Government's suggestion, Plaintiffs do not argue that the Government can never submit materials *ex parte* when it asserts the state secrets privilege. *See, e.g.*, United States' Opp. to Mot. for Partial Reconsideration (hereinafter "Opp."), Dkt. 58 at 8 (describing "plaintiffs' suggestion that the government must disclose classified information as a condition of *invoking* the state secrets privilege" (emphasis in original)). Indeed, Plaintiffs have not objected to the *ex parte* filing in this Court of the classified materials submitted to the district court, because this Court must have a complete understanding of the record below. Plfs' Mot. for Reconsideration (hereinafter "Br."), Dkt. 58 at 1 n.2.[2]

Plaintiffs' argument in this motion is narrower: because *ex parte*

---

[1] *See* Maura Dolan, *After court adjourns, 9th Circuit judge's movie nights are a hit*, L.A. Times (Apr. 23, 2015), available at http://www.latimes.com/local/great-reads/la-me-c1-kozinski-movie-night-20150423-story.html.

[2] Although the various appeals from the district court's orders have been consolidated by this Court, *see* Dkt. No. 21, Plaintiffs-Appellants' Motion for Partial Reconsideration of March 17, 2015 Order appears as Dkt. 58 in No. 13-55017, while the United States' opposition to that motion appears as Dkt. 58 in 13-56867.

1

submissions are so at odds with our judicial system, this Court should allow the Government's *ex parte* legal brief only upon "*a showing* that its *ex parte* brief, which is presumably composed primarily of various legal arguments, must be kept entirely secret from its adversary in this proceeding, and that no alternatives, including either the possibility of cleared counsel or the use of unclassified summaries, could be used to remedy the unfairness." Br. at 5 (emphasis added).

In its opposition, the Government has now, finally, asserted that alternatives to submitting a completely *ex parte* brief, such as providing security clearances for Plaintiffs' counsel or unredacting portions of its submission (beyond the additional two paragraphs they have released as part of their opposition), are unacceptable in light of the national security interests at stake. *See* Opp. at 8 ("Only those matters that could not be discussed on the public record were included in the classified brief.").

Therefore, *this Court* must now evaluate the Government's assertion in light of the evidence to determine whether it satisfies the Government's burden to establish the necessity of *ex parte* process. *See, e.g.*, *United States v. Abuhamra*, 389 F.3d 309, 321 (2d Cir. 2004) (applying least restrictive means test in national security context). The Government points to no authority that this Court can simply accept its assertions of the need for secrecy; on the contrary, it acknowledges that this Court has a "special burden to assure itself" in state secrets cases that the

2

litigation is as transparent as possible. Opp. at 3 (citing *Al-Haramain Islamic Found. v. Bush*, 507 F.3d 1190, 1203 (9th Cir. 2007). Thus, even if the Government had asserted that its brief contained state secrets, the ultimate decision as to whether or not it could be filed *ex parte* would rest with this Court. Therefore, this Court must now conduct a searching examination to see if in fact no other parts of the proposed *ex parte* brief — not the headings, not the introductory sentences of paragraphs, nor even any introductory clauses – can be released, even to counsel upon processing of security clearances. *See* Br. at 4 (citing *Abuhamra*, 389 F.3d at 321, and *Waller v. Georgia*, 467 U.S. 39, 48 (1984)).

As the Court conducts this assessment, Plaintiffs ask that it consider two issues that have arisen during the course of this briefing. First, in arguing that further disclosure is impossible, Defendants claim that "the classified brief contains no citations to legal authority, but instead merely discusses the classified declarations themselves." Opp. at 9. If this is so, it is unclear how the Government could have a compelling need to submit its brief. A classified declaration, like all evidence, should speak for itself with respect to the factual claims it makes – here, claims as to why the information the Government has submitted should be shielded by the state secrets privilege.

Second, the Government asks this Court to ignore the Guantanamo habeas cases, which have allowed more disclosure than the Government asks this Court to

3

allow here, because "the Guantanamo cases involve detainees' liberty interests in being free from custodial detention, an interest with no parallel in this case." Opp. at 7. But, as Plaintiffs have argued on the merits, they do have important liberty interests at stake — including the religious liberty and anti-discrimination interests of United States citizens and permanent residents seeking injunctive relief from on-going violations of their constitutional rights at the hands of law enforcement in the United States. Dkt. 32-2 at 69-87. Thus, even if the unpublished orders on which the Government relies had precedential value, which they do not, the fact that this Court has utilized them in FOIA cases, damage actions, and other cases involving property interests would not resolve the question presented here.[3]

---

[3] Neither the brief reference to the "government's classified briefing and supporting declarations" in *Mohamed*, 614 F.3d at 1084 n.6, nor the even more passing reference in *Al-Haramain,* 507 F.3d at 1203, constitute holdings that classified briefing is permissible absent a showing of compelling necessity. In any event, the cases the Government cites concern only the Freedom of Information Act, *ACLU v. DOJ*, 681 F.3d 61 (2d Cir. 2012); damage actions that sought no relief from on-going unconstitutional conduct, *El-Masri v. United States*, 479 F.3d 296 (4th Cir. 2007); cases involving the property interests of organizations; *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 613 F.3d 220 (D.C. Cir. 2010); *Nat'l Council of Resistance of Iran v. Dep't of State*, 373 F.3d 152 (D.C. Cir. 2004); *Holy Land Found. for Relief &amp; Dev. v. Ashcroft*, 333 F.3d 156 (D.C. Cir. 2003); *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192 (D.C. Cir. 2001); *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17 (D.C. Cir. 1999); or cases involving the property interests of non-citizens abroad, *Jifry v. FAA*, 370 F.3d 1174 (D.C. Cir. 2004). The only exception is *Jewel v. NSA*, 673 F.3d 902, 905 (9th Cir. 2011). However, this Court reversed the dismissal of the complaint in *Jewel*, and did not issue any ruling regarding the applicability of the state secrets privilege.

4

Plaintiffs maintain that procedures more analogous to those utilized in the Guantanamo cases would be appropriate here, given that the interests at stake. Contrary to the Government's characterization of *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007), it ordered the Government to produce classified information, holding that "Petitioner's Counsel is presumed to have a 'need to know' all the information in the Government's possession concerning the Detainee he represents," *id*. at 198; *see also id*. at 180, 187. Ultimately, *Bismullah* compelled the Government to provide counsel "access to as much as is practical of the classified information regarding his client" once counsel obtained security clearance and submitted to a rigorous protective order, subject to a narrow exception allowing the Government to withhold from counsel "highly sensitive information or information concerning a highly sensitive source," *id*.

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its order permitting the Government to file *ex parte* legal argument.

                                      Respectfully submitted,

                                      ACLU OF SOUTHERN CALIFORNIA

Dated: April 27, 2015                 s/ Ahilan T. Arulanantham
                                                   AHILAN T. ARULANANTHAM
                                                   Counsel for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I caused to be electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFFS-APPELLANTS' MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48)**, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Plaintiffs-Appellants