IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

YASSIR FAZAGA, et al.,

        Plaintiffs-Appellants,

        v.

FEDERAL BUREAU OF
  INVESTIGATION, et al.,

        Defendants-Appellees.

Nos. 12-56867, 12-56874, 13-55017

**MOTION FOR LEAVE TO FILE SUPERSEDING BRIEFS**

    The federal defendants-appellees (the Federal Bureau of Investigation and two FBI employees in their official capacities) hereby move for leave to file superseding unclassified and classified briefs, to account for the declassification of information that was previously included in the government's classified brief. As explained below in this motion, the simple clerical course we propose is designed to avoid any confusion by the Court and the parties as to which information is currently classified and which is not. It will thus make matters simple for the panel of judges eventually assigned to this case because they will not have to deal with excessive multiple filings. More important, our proposal will substantially reduce the chances of inadvertent disclosures of classified information as this case is considered by the Court.

Counsel for the individual-capacity defendants have authorized us to represent that they do not oppose this motion. Counsel for the plaintiffs have informed us that they oppose this motion and intend to file a written response.

1. Plaintiffs initiated this action against the United States, the FBI, FBI officials in their official capacities, and five current and former FBI agents in their individual capacities. The Department of Justice represents only the United States, the FBI, and the official-capacity defendants; the individual-capacity defendants are represented by private counsel. Plaintiffs' claims relate to the alleged activities of a former confidential informant for the FBI in a group of counterterrorism investigations.

The district court dismissed all claims against the government and the official-capacity defendants, and dismissed all claims against the individual defendants except for a claim premised on the Foreign Intelligence Surveillance Act (FISA). The district court entered final judgment under Rule 54(b) on all claims that had been dismissed. Plaintiffs appeal from that final judgment, and the individual defendants appeal from the denial of qualified immunity on the FISA claim.

Plaintiffs' appeal concerns the district court's determination that certain of plaintiffs' claims must be dismissed under the state secrets privilege. That privilege may be invoked by the head of an agency (here, the Attorney General of the United States) to protect information whose disclosure could reasonably be expected to cause significant harm to national security. *See generally United States v. Reynolds*, 345 U.S. 1 (1953); *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1079 (9th Cir. 2010) (en

banc). The Attorney General filed a public declaration in district court invoking the privilege. The government also filed three documents classified at the "Secret" level: a declaration from the Assistant Director of the FBI's Counterterrorism Division, Mark Giuliano (Dkt. 35); a legal memorandum (Dkt. 36); and a supplemental declaration from Mr. Giuliano (Dkt. 56). The district court reviewed those materials *in camera*, *see* Minute Order (Dkt. 46), and they were not reviewed by plaintiffs' counsel or counsel for the individual-capacity defendants.

2. Plaintiffs filed their opening brief on November 17, 2014. On March 17, 2015, the government filed a public brief as appellee containing the information and legal argument that could be filed on the public record. On the same date, the government filed, *ex parte*, a classified brief and classified excerpts of record, each of which contains classified information that was filed in the district court. Plaintiffs sought reconsideration of this Court's order granting leave to file a classified brief, and this Court referred plaintiffs' motion to the merits panel, but directed that the classified brief be provisionally maintained on an *ex parte* basis pending resolution of the motion. Order, May 12, 2015.

On April 29, 2015, the individual defendants filed their briefs as appellees/cross-appellants. Plaintiffs' response/reply brief is currently due July 23, 2015.

3. Several months after the government's brief was filed, the FBI declassified a single paragraph of the Classified Declaration of Mark Giuliano, which had previously

3

been classified at the Secret level. The declassified information relates to the agreement entered into between the FBI and Craig Monteilh, the confidential informant whose conduct is at issue in this case, regarding the use of recording equipment. The declassified paragraph is attached to this motion, along with an exhibit that is referenced in the declassified paragraph.

The declassified paragraph does not contain information as to which the government has ever asserted the state secrets privilege in this case, as it does not "tend to confirm or deny whether a particular individual was or was not the subject of an FBI counterterrorism investigation," does not "tend to reveal the initial reasons . . . for an FBI counterterrorism investigation of a particular person . . . , any information obtained during the course of such an investigation, and the status and results of the investigation"; and does not "tend to reveal whether particular sources and methods were used in a counterterrorism investigation of a particular subject." Holder Decl. ¶ 4 [ER 285]. To the contrary, the now-declassified paragraph of Mr. Giuliano's declaration expressly contemplated that this information would be subject to declassification review. *See* Classified Giuliano Decl. ¶ 22 (attached) ("[W]ith respect to plaintiffs' specific assertion that the FBI acquiesced in Monteilh's leaving recording devices unattended inside mosques, the FBI is assessing whether specific instructions to Monteilh concerning this particular 'unattended device' issue can be disclosed without harm to national security.").

4

Because we filed our appellate brief at a time when the now-declassified paragraph was classified at the Secret level, the information in that paragraph was omitted from our public filing, and instead discussed in two sentences of our classified filing. To clarify the record for the parties and the Court, and to provide the Court with a current and accurate representation of which information is classified and which has been publicly disclosed, we respectfully request leave to file superseding briefs. The only changes are the insertion of the declassified information into the public brief, and the removal of that information from the classified brief (along with conforming changes to the tables and certificates).

We have attached to this filing a redline version of the single page of the public brief that has been changed. We are also attaching to this filing a complete version of the superseding public brief that we seek leave to file. If the Court grants this motion, we will file a superseding classified brief under appropriate procedures. The classified brief will be modified only by deleting the two sentences containing the information that is now included in the superseding public brief.

4. The filing of superseding briefs at this stage will provide the judges eventually assigned to this case with the simplest and cleanest format for the briefing, which will contain classified information. As the same time, it will not prejudice the other parties. The individual-capacity defendants, who have already filed briefs after the government filed its brief, have all indicated that they consent to this motion. Plaintiffs have not yet filed any briefs in response to the government's brief, and their

5

response/reply brief is not due until July 23, four weeks from the filing of this motion. Those four weeks should provide adequate time for plaintiffs to carry out the simple and mechanical task of adjusting any citations to the government's brief that appear in their response/reply brief to adjust for the modest change in pagination that results from inserting a few sentences into the government's public brief. (The declassified information itself was provided to plaintiffs last week.)

Plaintiffs have indicated to government counsel that plaintiffs would prefer that the government file a separate document, apart from its public brief and its classified brief, to reveal the declassified information. If we took this approach, the Court would have to juggle public briefs, classified briefs, and a separate filing indicating which part of the classified brief has now been declassified. It will plainly be easier for the judges eventually assigned to this case to have to deal only with a single brief from the government that contains only unclassified information, and a separate, single, short classified brief that contains the classified information, with up-to-date classification markings. The ease of reference and the reduced risk of confusion, particularly with regard to which information is classified and which may be revealed to the public, obviously far outweighs the modest burden on plaintiffs of changing a few page citations to the government's brief in the next four weeks. Moreover, by having a single brief that is unclassified and a single brief that is classified, we can reduce the likelihood of an unfortunate inadvertent disclosure of classified information as the case proceeds.

5.  This motion may be publicly filed.

For the foregoing reasons, we respectfully request that this Court grant leave to file superseding public and classified briefs.

                                        Respectfully submitted,

                                        <u>s/ Daniel Tenny</u>
                                        DOUGLAS N. LETTER
                                        DANIEL TENNY
                                           *Attorneys*
                                           *Civil Division, Room 7215*
                                           *Department of Justice*
                                           *950 Pennsylvania Avenue, N.W.*
                                           *Washington, D.C. 20530-0001*
                                           *(202) 514-1838*

JUNE 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June, 2015, I filed the foregoing via the Court's CM/ECF system. The CM/ECF system will effect service on all counsel of record.

s/ Daniel Tenny<br>
Daniel Tenny