**ATTACHMENT 2**

**BRIEF REDLINE**

methods were used in a counterterrorism investigation of a particular subject." *Id.* ¶ 4 [ER 285].

The Attorney General's declaration was accompanied by, and specifically cross-referenced, a more detailed classified declaration from the Assistant Director of the FBI's Counterterrorism Division, Mark Giuliano, which was filed *ex parte* and under seal. Holder Decl. ¶ 3 [ER 284]. ~~That~~ One paragraph of that declaration ~~is~~has been declassified since the district court's decision. That paragraph reveals that Monteilh specifically agreed in writing with the FBI *not* to leave the recording device unattended while it was turned on. Classified Giuliano Decl. ¶ 22 [Classified ER 23-24]. On November 17, 2006, Monteilh signed a statement that he "must be a party to any conversation in order to record that conversation." *Id.* ¶ 22 [Classified ER 24]. Other aspects of the classified declaration, which remain classified, are described in the government's classified brief in this Court, which is being separately filed *ex parte* and under seal.

Assistant Director Giuliano also submitted a public, unclassified declaration. The declaration explained that terrorist groups are "putting more emphasis on finding recruits or trainees from the West." Public Giuliano Decl. ¶ 7 [ER 228]. In addition, as evidenced by several incidents