Consolidated Case Nos.  13-55017, 12-56867, 12-56874
_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.
_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)
_____

## PLAINTIFFS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE SUPERSEDING BRIEFS
_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
CATHERINE A. WAGNER
cwagner@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone:  (213) 977-9500
Facsimile:  (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

By its motion, the Government's seeks to address a simple problem: to make clear to the parties and the Court that less than two pages of the classified materials that it filed *ex parte* and under seal, when it filed its answering brief more than three months ago, has since been declassified and, according to the Government, may now be filed publicly and mentioned in the public record of this case.

Plaintiffs have no objection to the Government making the declassified information at issue part of the public record of this case. (Indeed, Plaintiffs continue to object to government's filing of an *ex parte* brief of classified materials. *See* Plaintiffs'-Appellants' Motion for Partial Reconsideration, Dkt. 58.) But the Government can accomplish this end simply by notifying the parties and the Court, and either setting forth the formerly classified content or providing redacted versions of the classified materials with the now-declassified portions made public.[1] Instead, the Government asks for more: it seeks leave to file superseding briefs to replace the briefs they filed more than three months ago.

Plaintiffs oppose the unusual step of allowing the Government to modify its

---

[1] The Government has already followed the former course of identifying nonclassified materials that have been filed under seal by setting forth their contents: in identifying the nonclassified introduction and conclusion to the classified brief, *see* United States' Opposition To Motion For Partial Reconsideration, Dkt. 60 at 11 ("Addendum: Unclassified Paragraphs Of Classified Brief"); and has already so identified the declassified materials in the instant motion, see Motion for Leave to File Superseding Briefs ("Mot."), Dkt. 72-2, at 1-3 (Attachment 1, Declassified Materials).

briefs — months after filing them, after the other defendants have filed responsive briefs citing them, and after Plaintiffs have worked on their reply/cross-opposition briefs using the existing pagination. To allow superseding briefs would confuse the record, prejudice Plaintiffs, and compound Plaintiffs' due process concerns with the filing of *ex parte* briefs, while in no way providing better clarity on what information is classified and what is not.

    Allowing the Government to file amended briefs at this point in the proceedings would prejudice Plaintiffs in several ways. First, the individual-capacity defendants have already filed briefs that cite to pages of the Government's brief.[2] Those page citations may not match the Government's amended brief, which would certainly cause confusion both to Plaintiffs in preparing their reply/cross-opposition briefs and to this Court in reviewing the papers. Second, Plaintiffs' counsel has been working on their reply/cross-opposition, relying on our review of the Government's public brief, and have notes and drafts with page cites to that brief. Finally, and perhaps most importantly, while due diligence would require that Plaintiffs' counsel review the Government's amended brief to ensure that only the identified material has changed, Plaintiffs' counsel cannot review the Government's classified, *ex parte* brief, to do the same. The Government would

---

[2] *See, e g.*, Answering Brief of Defendants Rose, Allen and Armstrong, at 15 n.3, 33 n.5, 35, 40; Brief for Defendants Tidwell and Walls at 33.

therefore file an amended brief without any way for Plaintiffs to ensure that its changes were as limited as the Government says. While Plaintiffs do not expect that the Government would deliberately change anything in its brief other than what it represents, Plaintiffs' inability to ensure that the changes are limited to those the Government describes compounds Plaintiffs' due process concerns with the Government's filing of an *ex parte* brief. *See generally* Plaintiffs'-Appellants' Motion for Partial Reconsideration, Dkt. 58 (raising due process concerns with Government's filing of an *ex parte* brief).

To justify this prejudice to Plaintiffs, the Government's offer no convincing reason for its highly unusual request. The Government's sole argument for filing superseding briefs is that it would be confusing for this Court to "have to juggle public briefs, classified briefs, and a separate filing indicating which part of the classified brief has now been declassified," and that it would "plainly be easier … to deal only with a single brief from the government that contains only unclassified information, and a separate, single, short classified brief that contains the classified information, with up-to-date classification markings." Mot., Dkt. 72-1, at 6.

Both the Government's claim that a mere notice might create confusion and that revised briefs would provide clarity are untenable. The information that the Government seeks to declassify is extremely limited — it consists only of a single paragraph from the classified declaration stating that the informant signed a written

3

agreement not to leave recording devices unattended when they were turned on. The paragraph also sets forth the text of that agreement verbatim (except for the date, location, signature and witness signature), and still takes up only one double-spaced page. *See* Mot., Dkt. 72-2, at 1 (Attachment 1, Declassified Materials).[3] Even combined with a copy of that one-page agreement, which is attached as an exhibit to the classified declaration, the now-declassified portions consist of less than two pages of highly repetitive material. Mot., Dkt. 72-2, at 3 (Attachment 1, Declassified materials). The Court and the parties are more than capable of keeping track of the fact that this very limited information is no longer classified, but public.

    Moreover, the Government's proposal to revise its briefs does not meaningfully cure any confusion that might arise. Instead of providing a simple notice that one small part of the classified brief is now public, the Government proposes to refile their public brief to add seven lines that discuss the newly declassified paragraph of the classified, *ex parte* declaration (and presumably remove similar lines from the classified brief). *See* Mot., Dkt. 72-3, at 2 (Attachment 2, proposed Public Brief redline). Even with the revised filings, then, this Court must "juggle" a public brief, a classified brief, a classified declaration

---

[3] The Government also seeks to declassify a copy of that one-page agreement, which is attached as an exhibit to the classified declaration. Mot., Dkt. 72-2, at 3 (Attachment 1, Declassified materials).

4

with exhibits, and a designation of a paragraph of that classified declaration as declassified and public — and keep straight what information is classified and what is not. This hardly provides any greater clarity over a simple notice of declassified materials, certainly not such clarity that it warrants the unusual step of allowing the Government to modify briefs filed months ago.

    Because allowing the Government to revise their briefs months after filing would prejudice Plaintiffs, and because the Government can easily notify the Court of the declassification of less than two pages of material by setting forth those declassified materials in a separate filing or by filing a partially unredacted version of the brief, Plaintiffs respectfully request that the Court allow the Government to notify the Court of the declassified portions of the record, but deny the Government's request to file superseding briefs.

                                            Respectfully submitted,

                                            ACLU OF SOUTHERN CALIFORNIA

Dated: June 29, 2015              s/ Peter Bibring
                                            Peter Bibring
                                            Counsel for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I caused to be electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE SUPERSEDING BRIEFS**, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    s/Diana Gonzalez
DIANA GONZALEZ