IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YASSIR FAZAGA, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL BUREAU OF<br>  INVESTIGATION, et al.,<br><br>    Defendants-Appellees. | Nos. 12-56867, 12-56874,<br>13-55017 |

**REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SUPERSEDING BRIEFS**

    Plaintiffs agree that all parties and the Court are well served by having clear records of which materials are classified and which materials may be made public. But plaintiffs disagree with the mechanism by which the government seeks to achieve that goal. The government seeks through this motion to file superseding briefs, so that the briefing used by the judges assigned to this case reflects the current and accurate classification status of the information submitted by the government. Plaintiffs urge that the Court should instead rely on a classified brief with out-of-date classification markings, and cross-reference a separate document that indicates which portion of the brief has been declassified. Plaintiffs provide no legitimate justification for their preferred approach, which would increase confusion and thus increase the

risk of inadvertent disclosure of classified information, a matter with which the government unfortunately has significant experience in other cases in various courts around the country.

Plaintiffs note that the individual defendants—who have consented to the government's motion—have filed briefs based on the government's original public brief, and that plaintiffs have been working with the government's original brief. But particularly given that plaintiffs' briefing deadline is still weeks away, neither of these inconveniences could possibly outweigh the interest in clarity for the judges in litigation involving classified material. Plaintiffs also assert, "perhaps most importantly," that they have no ability to ensure that the government will not change portions of its classified brief other than the sentences affected by the declassification motion. Pls.' Opp. 2-3. Plaintiffs' suggestion that their most serious concern relies on unadorned speculation that government attorneys would not only make the change they have described, but would also surreptitiously alter their brief in other ways in bad faith, underscores the absence of any legitimate objection to the government's motion.

Respectfully submitted,

s/ *Daniel Tenny*
DOUGLAS N. LETTER
DANIEL TENNY
  *Attorneys*
  *Civil Division, Room 7215*
  *Department of Justice*
  *950 Pennsylvania Avenue, N.W.*
  *Washington, D.C. 20530-0001*
  *(202) 514-1838*

JULY 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2015, I filed the foregoing via the Court's CM/ECF system. The CM/ECF system will effect service on all counsel of record.

s/ *Daniel Tenny*
Daniel Tenny