Consolidated Case Nos. 13-55017, 12-56867, 12-56874

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.

_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)

_____

## MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFFS' REPLY/CROSS-OPPOSITION BRIEF

_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
CATHERINE A. WAGNER
cwagner@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Pursuant to Ninth Circuit Rule 31-2.2(b), Plaintiffs hereby respectfully move for an extension of time, to and including September 21, 2015, to file their reply/cross-opposition brief in this case; with the deadline for individual capacity defendants in this case to file a cross-reply extended to October 27, 2015. This change reflects both a deadline on a date certain, rather than one that runs from the government's filing of its brief, and also reflects an extension of between 34 and 48 days, depending on the timing of the government's filing.

The reasons for this motion are explained in the accompanying declaration of counsel. Counsel for defendants and counsel for the individual-capacity defendants have consented to this motion subject.

Dated: July 21, 2015    Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

 s/ Peter Bibring
PETER BIBRING
Counsel for Plaintiffs

Consolidated Case Nos. 13-55017, 12-56867, 12-56874

───────────────────────────────────────

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

───────────────────────────────────────

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.

───────────────────────────────────────

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)

───────────────────────────────────────

## DECLARATION OF COUNSEL IN SUPPORT OF CONSENT MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFFS' REPLY/CROSS-OPPOSITION BRIEF

───────────────────────────────────────

PETER BIBRING
  pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
  aarulanantham@aclusocal.org
CATHERINE A. WAGNER
  cwagner@aclusocal.org
ACLU Foundation
  of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

FATIMA DADABHOY
  fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
  dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
  mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

I, Peter Bibring, hereby state as follows.

1. Plaintiffs in this action sued the Federal Bureau of Investigation, the United States of America, two federal officers in their official capacities, and a number of individual defendants in their individual capacities. As relevant here, the district court dismissed all claims present in the complaint under the state secrets doctrine, except for Plaintiffs' claim under the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. 1801 *et seq.*, which it declined to dismiss. Plaintiffs have appealed the dismissal of the non-FISA claims, and the individual agents and supervisors named have cross-appealed denial of their motions to dismiss the FISA claims. The U.S. Department of Justice represents the FBI, the United States, and the officers sued in their official capacities. The individual defendants are represented by private counsel.

2. The initial briefing schedule in this case was set on July 16, 2014, and assigned a due date for plaintiffs' opening brief 60 days later, on September 15, 2014. Plaintiffs sought first a 30-day then a 21-day extension and filed their opening brief on November 17, 2014.

3. At the time Plaintiffs filed their opening brief, the government's brief as appellee was due on January 16, 2015. The two sets of individual-capacity defendants'

1

briefs were due January 30, 2015. The government sought a 60-day extension of time and was granted the extension. The government filed its briefs on March 17, 2015.

4. Individual-capacity defendants filed a streamlined request for anextension of time to file their Opening Brief, were granted this request, and given until April 29, 2015 to file. All individual-capacity defendants filed their Opening Briefs on April 29, 2015. Plaintiffs were ordered to file their reply/cross-appellee brief by July 23, 2015 and individual-capacity defendants were ordered to file a cross-appellant reply by August 17, 2015.

5. Plaintiffs in this case obtained leave to file an oversized brief of 20,963 words. Plaintiffs are also supported by an amicus brief filed by the Electronic Frontier Foundation.

6. The Government filed an opening brief of 12,766 words. Defendants Tidwell and Walls filed an opening brief of 13,713 words, excluding exempted portions. Defendants Armstrong, Allen and Rose filed a brief of 16,017. These combined briefs are 42,496 words in length.

7. Both sets of Individual Capacity Defendants devoted the bulk of their briefs to arguing that, even if this Court agreed that Plaintiffs' non-FISA claims should not be dismissed under the state secrets privilege, it should nonetheless affirm

the district court's dismissal of those claims on various other grounds — grounds not addressed by the district court in its order, and not addressed in Plainiffs' opening brief. Many of these are complex and novel issues, including the existence of a damages remedy for First Amendment violations, the proper legal framework to analyze intentional religious discrimination by law enforcement, and the interplay between Plaintiffs FISA claims, non-FISA search claims, and religious discrimination claims.

8. On June 25, 2015, the Government moved to file superseding briefs, to replace the ones it filed on March 17, 2015, on grounds that some material in their classified declaration and brief had become declassified, and it wished to move discussion from the classified to the public brief. Plaintiffs opposed the filing of superseding briefs in part because Plaintiffs' had been working of the pagination in the original briefs, and new superseding briefs would alter the pagination. On July 14, 2015, this Court granted the Government's motion to file superseding briefs and ordered them to file within 21 days, by August 4, and for Plaintiffs to file their opening brief within 14 days after filing — currently sometime between August 3 and 18, depending when the Government files its brief.

3

9. The volume of arguments to be addressed among defendants' three briefs, totaling more than 42,000 words, and the scope of issues raised by the individual-capacity defendants for the first time on appeal in their oppositions, will require Plaintiffs spend substantial time to formulate their response. Plaintiffs' counsel have endeavored to complete their brief but have been unable to do so, in part because of other significant obligations arising. Most recently, this Court set an oral argument for Mr. Arulanantham, co-lead counsel for Plaintiffs, in a complex case on July 24, for which he has had to devote substantial time to prepare. Following issuance of a decision in the California Court of Appeal in a case in which he is co-lead counsel, Mr. Bibring has been required to devote substantial time to a researching and briefing petition to the California Supreme Court, in addition to work on other cases. The additional time provided following the Government's filing of superseding briefs will not suffice, as Mr. Bibring, the other lead counsel, has a pre-planned vacation out of the country from July 25 through August 17.

10. Plaintiffs therefore respectfully request that this Court continue their deadline to file their reply/cross-opposition to and including September 21, 2015. Defendants do not oppose this request, so long as the Court provides a concomitant

extension for Individual Capacity defendants' cross-reply briefs through and including October 27, 2015.

11. Counsel for defendants and counsel for the individual-capacity defendants have authorized Plaintiffs' counsel to represent that they consent to this motion, subject to the extension for the individual-capacity defendants cross-reply briefs to October 27, 2015.

12. The court reporter is not in default with regard to any designated transcripts.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 21, 2015                    Respectfully submitted,

                                        ACLU OF SOUTHERN CALIFORNIA

                                         s/ Peter Bibring
                                        PETER BIBRING
                                        Counsel for Plaintiffs-Appellants

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015, I caused to be electronically filed the foregoing **MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFFS' REPLY/CROSS-OPPOSITION BRIEF**, with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                 s/Diana Gonzalez
                                                 DIANA GONZALEZ