Consolidated Case Nos. 13-55017, 12-56867, 12-56874
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.
_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)
_____

**PLAINTIFFS-APPELLANTS' SUPPLEMENT TO THEIR MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48)**
_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
ACLU Foundation
  of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Plaintiffs hereby supplement their motion respectfully urging that the Court reconsider its order permitting the Government to file *ex parte* legal argument, in light of new information arising from the Government's new answering brief. *See* Plaintiffs-Appellants' Motion for Partial Reconsideration of March 17, 2015 Order (Dkt. 48), Dkt. 58 (hereafter "Plaintiffs' Motion"); 9th Cir. R-27-10(a)(3).[1]

Consistent with the Court's order, on March 17, 2015, the Government Defendants (hereafter "the Government") filed its answering Brief for the Federal Appellees in two forms: a public version, Dkt. 49, and a classified version filed *ex parte* and under seal. *See* Dkt. 50. On June 25, 2015, over Plaintiffs' objection, the Government filed superseding briefs to account for the recent declassification of information previously contained only in the *ex parte* brief. Dkts. 73, 80. Specifically, the following text was added to the public brief:

> One paragraph of [the Classified Giuliano] declaration has been declassified since the district court's decision. That paragraph reveals that Monteilh specifically agreed in writing with the FBI *not* to leave the recording device unattended while it was turned on. Classified Giuliano Decl. ¶ 22 [Classified ER 23-24]. On November 17, 2006, Monteilh signed a statement that he "must be a party to any conversation in order to record that conversation." *Id.* ¶ 22 [Classified ER 24]. Other aspects of the classified declaration, which remain classified, …

---

[1] This Court permits motions for reconsiderations where a party can "state with particularity the points of law or fact which, in the opinion of the movant, the court has overlooked or misunderstood. Changes in legal or factual circumstances which may entitle the movant to relief also shall be stated with particularity." 9th Cir. Rule 27-10(a)(3).

1

*Compare* Superseding Brief for the Federal Appellees, Dkt. 73 at 12 *with* Brief for the Federal Appellees, Dkt. 49 at 12.

The newly-declassified language added to the Government's filing highlights the unfairness in permitting legal argument to be filed *ex parte*, and thereby provides further support for Plaintiffs' motion, in two ways.

*First,* the character of the new information demonstrates that the Government's *ex parte* filings are not driven—at least entirely—by "overriding necessity," as due process demands. *See* Plaintiffs' Motion, Dkt. 58 at 2–3 (citing, *inter alia*, United States v. Thompson, 827 F.2d 1254, 1258–59 (9th Cir. 1987)). The recently declassified paragraph is precisely the type of classified information for which an alternative to *ex parte* process would have been feasible. The substance of a document that Monteilh signed years ago promising not to violate the Fourth Amendment could easily have been produced in some fashion given that the Government revealed his status over six years ago. As Plaintiffs discuss in their motion and reply, alternatives—such as clearance for counsel, strong protective orders that permit access by counsel only, or even unclassified summaries—are routinely used by courts in national security contexts such as this one. *See* Plaintiffs' Motion, Dkt. 58, at 5–7; Reply in Supp. of Plaintiffs-Appellants' Mot. for Partial Reconsideration Of March 17, 2015 Order (Dkt. 48), Dkt. 62, at 3–5. Any of those options would have sufficed for the information

2

which the Government has belatedly disclosed here.

In addition, the fact of the document's declassification undermines the Government's blanket assertion that *none* of the various alternatives is acceptable, given the national security interests at stake, for *any* of the remaining classified information in its *ex parte* brief. See United States' Opp. to Mot. for Partial Reconsideration, Dkt. 60, at 8. While the Government does not reveal whether the declassified information had previously been withheld under the state secrets privilege as well, if so, its declassification (and its content) cast serious doubt on the Government's process for determining what information should be treated as privileged. This development underscores the need for the Court to examine whether there are any other portions of the *ex parte* brief that could be disclosed to Plaintiffs' counsel through these mechanisms.

*Second*, the content of the new information underscores Plaintiffs' grave concerns that the Government is using the opportunity to file *ex parte* legal argument in support of its assertion of privilege to submit argument on the merits to which Plaintiffs must have an opportunity to respond before the Court can determine its relevance to this case, including here whether that evidence establishes a "valid defense." *See Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1083 (9th Cir. 2010). The alleged fact that Monteilh signed an agreement promising not to violate the Fourth Amendment obviously does not settle the

3

question of whether he was in fact complying with the promise he made, or whether the agents knew he was violating those instructions and permitted him to continue doing so. That question clearly cannot be resolved in the Government's favor at the pleading stage in light of the sworn testimony Plaintiffs submitted below. *See* ER 85–138 (Declaration of Monteilh describing various Fourth Amendment violations, and stating that the individual capacity defendants were aware of them). To Plaintiffs' knowledge, this merits argument was included in the Government's *ex parte* brief all along, and Plaintiffs would have been unable to counter it but for the happenstance that the particular underlying paragraph was declassified.

The *ex parte* submission of one legal argument strongly suggests there may be more of which Plaintiffs are wholly unaware and unable to answer. The inescapable unfairness of this circumstance is precisely the reason why this Court has declared that "one-sided process" "should be presumptively unconstitutional." *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1070 (9th Cir. 1995); *see also* Plaintiffs' Motion, Dkt. 58, at 2–4.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider that portion of its order which grants the Government's motion to file an *ex parte* and under seal brief. The Court should deny that portion of the

Government's motion without prejudice to the Government doing one of the following within 30 days: filing a statement that it will expeditiously process Plaintiffs' counsel for security clearances that would allow them to read the Government's brief; or filing a partially-redacted version of their brief that contains unclassified summaries of the redacted portions, coupled with a motion and declaration explaining why that brief constitutes the only available alternative that would preserve its national security interests notwithstanding the Due Process, common law, and First Amendment interests at stake.

                                                 Respectfully submitted,

                                                 ACLU OF SOUTHERN CALIFORNIA

Dated:  September 10, 2015        s/ Ahilan T. Arulanantham
                                                 AHILAN T. ARULANANTHAM
                                                 Counsel for Plaintiffs-Appellants

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2015, I caused to be electronically filed the foregoing PLAINTIFFS-APPELLANTS' SUPPLEMENT TO THEIR MOTION FOR PARTIAL RECONSIDERATION OF MARCH 17, 2015 ORDER (DKT. 48) , with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

  s/Peter Bibring
PETER BIBRING
Counsel for Plaintiffs-Appellants