Consolidated Case Nos. 13-55017, 12-56867, 12-56874

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

Yassir Fazaga, *et al.*,

Plaintiffs,

v.

Federal Bureau of Investigation; *et al.*

Defendants.

_____

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)

_____

**PLAINTIFFS-APPELLANTS' MOTION TO EXCEED PAGE
LIMITATION ON REPLY/CROSS-APPELLEE BRIEF**

_____

PETER BIBRING
pbibring@aclusocal.org
AHILAN T. ARULANANTHAM
aarulanantham@aclusocal.org
CATHERINE A. WAGNER
cwagner@aclusocal.org
ACLU Foundation
   of Southern California
1313 West Eighth Street
Los Angeles, CA 90017
Telephone:  (213) 977-9500
Facsimile:  (213) 977-5297

FATIMA DADABHOY
fdadabhoy@cair.com
Council on American-Islamic
Relations, California
2180 W. Crescent Avenue, Suite F
Anaheim, CA 92801
Telephone: (714) 776-1847
Facsimile: (714) 776-8340

DAN STORMER
dstormer@hadsellstormer.com
MOHAMMAD TAJSAR
mtajsar@hadsellstormer.com
Hadsell Stormer & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, CA 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Pursuant to Circuit Rules 28-4 and 32-2, Plaintiffs-Appellants respectfully request an enlargement of the page limitations of Fed. R. App. P. 28.1(e)(2)(A)(i) from 14,000 words to no more than 36,884 words. Pursuant to Circuit Rule 32-2, the proposed brief is being contemporaneously filed as an attachment to this motion.

This Court's rules require filing a single brief in response to multiple answering briefs, Cir. Rule 28-5, but they also expressly contemplate allowing "a reasonable… enlargement of size … for filing a brief responding to … multiple briefs." Cir. Rule 28-4. Plaintiffs recognize that the enlargement they seek here is a substantial departure from the ordinary length limitations, but such a departure is warranted for three reasons.

First, this brief responds to three distinct full-length briefs filed by each set of Defendants in this case. While the rules encourage "all parties on a side… to join in a single brief to the greatest extent practicable," Cir. Rule 28-4, Defendants filed three briefs totalling 43,683 words. Moreover, Defendants' three briefs contain very little redundant argument, as they largely divided their arguments to avoid repetition.

Second, the extension is necessary in light of the normal allocation of briefing volume between Plaintiffs and Defendants in analogous situations. This Court's rules usually give the Appellant 4,500 words more than the Appellee in cases involving cross-appeals, *see* FRAP 28.1(e)(2). That allocation is understandable, given that appellants must make their case to overturn a district court decision. Here, Plaintiffs' situation is most analogous to an Appellant, insofar as the bulk of their claims were

1

dismissed. However, Plaintiffs will not have the benefit of this Court's word allocation rule even if the Court grants the requested extension to nearly 37,000 words. Adding those 36,884 words to the 20,963 words in their opening brief, Plaintiffs would get fewer than 200 more words than Defendants over all briefs filed (assuming that the two sets of individual capacity defendants each file a 7,000 word reply brief).

Finally, while Defendants in their oppositions responded to Plaintiffs' state secrets arguments, they also spent large portions of their briefs presenting alternate grounds on which to uphold the district court's dismissal of Plaintiffs' claims. Indeed, for two of the three Defendants' briefs, these new arguments constitute the overwhelming majority of the briefing. These alternative arguments enormously enlarged the scope of issues on appeal by raising a number of novel and complex arguments, including whether there is a damages remedies for unconstitutional religious discrimination, what constitutional rule governs claims of facial religious discrimination in a law enforcement investigation, the scope of the exception to the warrant requirement for invited informers, and various others. Because of the number of new issues raised by Defendants and their complexity, Plaintiffs require the enlargement of briefs to address them fairly.

On Thursday, September 17, 2015, counsel for Plaintiffs-Appellants Peter Bibring communicated with counsel for all three sets of Defendants-Appellees, including Amos Lowder, Carl Nichols, and Daniel Tenny, all of whom indicated that they take no position on this request.

Respectfully submitted,

Dated: September 21, 2015

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA

HADSELL STORMER & RENICK, LLP

By: s/ Peter Bibring
    Peter Bibring

Attorneys for Plaintiffs