IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASSIR FAZAGA, et al.,<br><br>    Plaintiffs-Appellants,<br><br>        v.<br><br>FEDERAL BUREAU OF<br>  INVESTIGATION, et al.,<br><br>    Defendants-Appellees. | Nos. 12-56867, 12-56874,<br>13-55017 |

**RESPONSE TO SUPPLEMENTAL FILING ON
MOTION FOR RECONSIDERATION**

Plaintiffs have filed a supplement to their motion for reconsideration of this Court's order allowing the government to file a classified brief *ex parte* and under seal. As we previously explained, the government regularly files classified briefs in cases involving the state secrets privilege, and this Court has repeatedly relied on such briefing. *See* U.S. Opp'n to Mot. for Partial Recons. 4. Courts of appeals have regularly rejected efforts to compel the government to disclose classified information to private counsel. *See id.* at 5-6. Nothing in plaintiffs' supplemental filing refutes these essential points, and plaintiffs' motion for reconsideration should be denied.

1. This litigation centers on the activities of a former confidential informant in a group of counterterrorism investigations, whose identity has now been revealed to

the public. Although the informant's identity and certain aspects of his activities are now public and unclassified, other information relating to his activities remains classified. The government has asserted the state secrets privilege over (1) "[i]nformation that could tend to confirm or deny whether a particular individual was or was not the subject of an FBI counterterrorism investigation"; (2) "[i]nformation that could tend to reveal the initial reasons . . . for an FBI counterterrorism investigation of a particular person . . . , any information obtained during the course of such an investigation, and the status and results of the investigation"; and (3) "[i]nformation that could tend to reveal whether particular sources and methods were used in a counterterrorism investigation of a particular subject." Holder Decl. ¶ 4 [ER 285].

The present appeal concerns the district court's determination that certain of plaintiffs' claims, which allege wrongdoing in the course of the counterterrorism investigations, must be dismissed under the state secrets privilege. Plaintiffs have filed their opening brief. The government's response included both a public brief, setting out the facts that could be revealed to the public and all of the government's legal arguments, and a classified brief, which discussed classified declarations that had been filed with the district court in support of the government's assertion of the state secrets privilege. This Court granted the government's motion for leave to file its classified brief *ex parte* and under seal, and has referred plaintiffs' motion for reconsideration of that order to the merits panel.

2

After the government's briefs were filed, but before plaintiffs filed their response/reply brief, an official within the FBI with declassification authority concluded, after the appropriate declassification process, that certain information related to the confidential informant could be declassified. Once the information was declassified, government counsel provided the declassified information to plaintiffs and sought leave to file in this Court superseding briefs in which the declassified information was inserted into the public brief, and removed from the classified brief. This Court granted the government's request, over plaintiffs' objection.

The newly declassified information consists of a document relating to the relationship between the government and the confidential informant whose activities are at issue in this case. In particular, the informant signed an agreement with his government handlers in which he agreed to use recording equipment in the course of his activities, and agreed not to leave the recording equipment unattended or to record conversations to which he was not a party.

2. Plaintiffs make two assertions in their supplemental filing, neither persuasive. First, plaintiffs assert that the declassified information could have been revealed to plaintiffs at an earlier date, and thus calls into question the government's withholding of other classified information. This argument is a version of plaintiffs' apparent view, expressed in their original motion for reconsideration, that civil litigation provides an opportunity to second-guess or circumvent the Executive Branch's orderly determination of which information should be treated as classified

3

and kept confidential. This Court has properly recognized that it "surely cannot legitimately find [itself] second guessing the Executive in [the national security] arena." *Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1203 (9th Cir. 2007); *see also CIA v. Sims*, 471 U.S. 159, 180 (1985) ("[I]t is the responsibility of the Director of Central Intelligence, not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the Agency's intelligence-gathering process.").

The fact that classification authorities, after reviewing certain information, concluded that it could now be revealed to the public without undue harm to national security (a conclusion with which plaintiffs appear to agree), does not provide any basis for concluding that the decision in 2011 to denominate the information as classified, or to denominate other information as classified, was incorrect. Moreover, the information at issue reveals more than just a "promise not to violate the Fourth Amendment," as plaintiffs contend, Supp. Mem. 2. The declassified information concerns a particular method of recording conversations by a confidential informant in a specific group of counterterrorism investigations, and was not subject to declassification, as plaintiffs appear to suggest, merely because "the government revealed [the informant's] status over six years ago," *id.*

Plaintiffs' second argument is that they have "grave concerns that the Government is using the opportunity to file *ex parte* legal argument in support of its assertion of privilege to submit argument on the merits to which Plaintiffs must have

4

an opportunity to respond." Supp. Mem. 3. Plaintiffs assert that the newly declassified document cannot be used by the government to refute the complaint's allegations and thus to obtain dismissal on the merits of their Fourth Amendment claims. *Id.* at 3-4. They assert that "[t]o plaintiffs' knowledge, this merits argument was included in the Government's *ex parte* brief all along, and Plaintiffs would have been unable to counter it but for the happenstance that the particular underlying paragraph was declassified." *Id.* at 4.

As this Court can see from looking at the relevant materials, the government is not making merits legal arguments in the classified briefing that it has filed in this Court. The declassified material in the government's brief, which consists of a portion of a single paragraph, reinforces the government's representation that the classified brief merely discusses the factual material in the classified declaration and contains no citations to legal authority, while "[t]he government's legal arguments appear in the publicly filed brief." U.S. Opp'n to Mot. for Recons. 9. The declassified material appears in the Statement of the Case, merely describes the agreement that the informant signed, and contains no citations to legal authority or legal argument. *See* Gov't Superseding Br. 12.

While legal argument on classified matters may, in some circumstances, be appropriate, in this case the classified brief merely provided background information about the classified declaration that was filed in district court, whose *ex parte* filing in this Court plaintiffs have not opposed. Plaintiffs' unfounded speculation about

5

extraneous legal arguments in the government's classified filings provides no basis for compelling the Executive Branch to provide plaintiffs' counsel with access to classified information, and any such order would be inappropriate. *See* U.S. Opp'n to Mot. for Partial Recons. 5-8.

    For the foregoing reasons, and for the reasons given in our prior filings, plaintiffs' motion for reconsideration should be denied.

                              Respectfully submitted,

                              s/ *Daniel Tenny*
                              DOUGLAS N. LETTER
                              DANIEL TENNY
                                *Attorneys*
                                *Civil Division, Room 7215*
                                *Department of Justice*
                                *950 Pennsylvania Avenue, N.W.*
                                *Washington, D.C. 20530-0001*
                                *(202) 514-1838*

SEPTEMBER 2015

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2015, I filed the foregoing via the Court's CM/ECF system. The CM/ECF system will effect service on all counsel of record.

s/ *Daniel Tenny*
Daniel Tenny
