**Nos. 12-56867, 12-56874, 13-55017**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YASSIR FAZAGA, et al.,
*Plaintiffs-Appellees/Cross-Appellants*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
*Defendants-Cross-Appellees.*
and

BARBARA WALLS, J. STEPHEN TIDWELL, KEVIN ARMSTRONG, PAUL ALLEN, AND PAT ROSE
*Defendants-Appellants/Cross-Appellees*,

On Appeal from the United States District Court
for the Central District of California, No. 8:11-cv-00301-CJC-VBK (Carney, J.)

**CROSS REPLY BRIEF FOR DEFENDANTS-APPELLANTS/CROSS-APPELLEES BARBARA WALLS AND J. STEPHEN TIDWELL**

KATIE MORAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
(213) 443-5300

HOWARD M. SHAPIRO
CARL. J. NICHOLS
DAVID G. BERAKA
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

November 13, 2015

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................1

ARGUMENT ..........................................................................................2

I.    TIDWELL AND WALLS ARE ENTITLED TO QUALIFIED IMMUNITY ON
PLAINTIFFS' FISA CLAIM ................................................................2

      A.    Plaintiffs Had No Reasonable Expectation of Privacy in the
Presence of the Informant. ....................................................4

      B.    Plaintiffs' Expectation of Privacy in Their Communications in
Public Areas of a Mosque Was Not Clearly Established.....................9

      C.    Plaintiffs Fail to Allege That Tidwell and Walls Personally
Directed the Informant to Leave Recording Devices Unattended ......11

CONCLUSION.....................................................................................14

STATEMENT OF RELATED CASES ..................................................15

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*ACLU v. NSA,* 493 F.3d 644 (6th Cir. 2007) ............................................................3

*Anderson v. Creighton*, 483 U.S. 635 (1987) ..........................................................6

*Arevalo v. Woods*, 811 F.2d 487 (9th Cir. 1987) ...................................................13

*Ashcroft v. al-*Kidd, 131 S. Ct. 2074 (2011) ..............................................2, 3, 5, 6, 10

*Bond v. United States*, 529 U.S. 334 (2000) ............................................................5

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) .................................12, 13

*City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765 (2015)....................11

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .............................................................2

*Harris v. United States*, 422 F.3d 322 (6th Cir. 2005) ...........................................13

*In re NSA Telecommunications Records Litigation*, 564 F. Supp. 2d
    1109 (N.D. Cal. 2008) ...........................................................................11, 12

*Lyall v. City of Los Angeles*, 2011 WL 61626 (C.D. Cal. Jan. 6, 2011)...................9

*Manning v. United States*, 546 F.3d 430 (7th Cir. 2008)........................................13

*Mockaitis v. Harcleroad*, 104 F.3d 1522 (9th Cir. 1997) .......................................10

*Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070 (9th Cir. 2010) ...................8

*Mullenix v. Luna*, ---S. Ct.---, 2015 WL 6829329 (U.S. Nov. 9, 2015) ...................5

*Padilla v. Yoo*, 678 F.3d 748 (9th Cir. 2012)............................................................5

*Saucier v. Katz*, 121 S. Ct. 2151 (2001) ..................................................................6

*Trujillo v. City of Ontario*, 428 F. Supp. 2d 1094 (C.D. Cal. 2006)......................10

*United States v. Aguilar*, 883 F.2d 662 (9th Cir. 1989).........................................2, 4

*United States v. Gonzalez*, 328 F.3d 543 (9th Cir. 2003) ........................................9

*United States v. Little*, 753 F.2d 1420 (9th Cir. 1984)...........................................2, 9

*United States v. Mayer*, 503 F.3d 740 (9th Cir. 2007).........................................................4

*United States v. Nerber*, 222 F.3d 597 (9th Cir. 2000)...........................................10

*United States v. Perea-Rey*, 680 F.3d 1179 (9th Cir. 2012) .....................................5

*Whren v. United States*, 517 U.S. 806 (1996).........................................................5

*Winnemem Wintu Tribe v. Department of Interior*, 725 F. Supp. 2d
    1119 (E.D. Cal. 2010).........................................................13

## STATUTES

28 U.S.C. § 2676.........................................................13

50 U.S.C. § 1809.........................................................11

## INTRODUCTION AND SUMMARY OF ARGUMENT

As Defendants Barbara Walls and J. Stephen Tidwell demonstrated in their opening brief ("T&W Br."), this Court should affirm the district court's dismissal of Counts 1-7 and 9 of the First Amended Complaint for at least four reasons: the Government's assertion of the state secrets privilege makes unavailable information and evidence necessary to Tidwell and Walls for their defense, T&W Br. 27-31; a *Bivens* damages remedy should not be extended to the constitutional torts alleged in this case, *id*. at 33-44; Tidwell and Walls are entitled to qualified immunity, *id*. at 44-60; and the judgment bar of the Federal Tort Claims Act ("FTCA") precludes all claims against Tidwell and Walls, *id*. at 31-33. The district court's dismissal of Counts 1-7 and 9 is the subject of Plaintiffs' appeal, and Defendants Tidwell and Walls therefore do not address those Counts here.

The district court erred, however, in failing to dismiss Plaintiffs' FISA claim (Count 10 of the First Amended Complaint) because Defendants Tidwell and Walls are entitled to qualified immunity on that claim. Plaintiffs concede that they must prove that Defendants Tidwell and Walls intentionally engaged in electronic surveillance under circumstances in which Plaintiffs had a reasonable expectation of privacy. Pls. Reply Br. 64. But Plaintiffs predicate their FISA claim principally on alleged recordings of conversations with an informant and of conversations occurring in locations that were open to the public. Plaintiffs could not have had a

1

reasonable expectation of privacy in such conversations, *see, e.g., United States v. Aguilar*, 883 F.2d 662, 703 (9th Cir. 1989) (no reasonable expectation of privacy in conversations with informer); *United States v. Little*, 753 F.2d 1420, 1435-1436 (9th Cir. 1984) (no reasonable expectation of privacy in reception area when public may enter freely), and at the very minimum, Plaintiffs cannot show that it would have been obvious to "*every* reasonable official," *Ashcroft v. al-*Kidd, 131 S. Ct. 2074, 2083 (2011) (emphasis added), that such surveillance would violate FISA. And to the extent that Plaintiffs allege the surveillance of conversations in locations that were not open to the public, they fail to state plausible allegations that Tidwell and Walls were personally involved in such recordings.

## ARGUMENT

### I. TIDWELL AND WALLS ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFFS' FISA CLAIM

It is well settled that "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question *beyond debate*." *Id.* at 2083 (emphasis added).

Qualified immunity thus permits government officials "to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* at 2085 (citation omitted).

Plaintiffs concede that their FISA claim requires that Tidwell and Walls intentionally engaged in electronic surveillance under circumstances in which Plaintiffs had a reasonable expectation of privacy, and further concede that FISA's reasonable expectation of privacy requirement is coextensive with the same standard under the Fourth Amendment. Pls. Reply Br. 64 ("Plaintiffs' Fourth Amendment arguments address substantially the same searches and are evaluated under the same legal standards [as the FISA claim]." (citing *ACLU v. NSA,* 493 F.3d 644, 657 n.16, 683 (6th Cir. 2007))). But as discussed below, under well-established Fourth Amendment jurisprudence, Plaintiffs did not have a reasonable expectation of privacy in their communications, almost all of which they allege were recorded in the presence of the informant or in places open to the public. At the least, "existing precedent" did not "place[ ] the statutory or constitutional question beyond debate." *al-Kidd*, 131 S. Ct. at 2083.

3

A. **Plaintiffs Had No Reasonable Expectation of Privacy in the Presence of the Informant**

Plaintiffs' FISA damages claims against Defendants Tidwell and Walls are based in significant part on alleged recordings made in the presence of the informant. But "persons have no expectation of privacy or confidentiality in their conversations and relations with other persons, no matter how secretive the setting." *United States v. Aguilar*, 883 F.2d 662, 701, 703 (9th Cir. 1989); *see also United States v. Mayer*, 503 F.3d 740, 750-751 (9th Cir. 2007). Thus, even if Plaintiffs had a subjective expectation of privacy in their conversations with the informant, such a belief was not reasonable under existing law, no matter how intimate the context. *See Mayer*, 503 F.3d at 750 ("Even though a conversation between an agent and a target may occur in an otherwise private environment, 'a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.'").

Plaintiffs do not appear to dispute that they had no reasonable expectation of privacy in their communications with the informant, but argue instead that the invited informer doctrine applies only where the government's investigation is conducted in good faith. According to Plaintiffs, this bad-faith exception to the invited informer doctrine prohibits defendants from using an informer "for the

purpose of violating First Amendment rights," and thus requires that the informer be used for a "legitimate law enforcement purpose." *See* Pls. Reply Br. 73.

Plaintiffs' attempt to defeat Tidwell's and Walls' entitlement to qualified immunity based on a bad-faith exception to the invited informer doctrine fails for several reasons. *First*, Plaintiffs concede that their FISA claim must be evaluated under Fourth Amendment standards, Pls. Reply Br. 64, but the Supreme Court has "almost uniformly rejected invitations to probe subjective intent" when examining the constitutionality of an alleged search. *al-Kidd*, 131 S. Ct. at 2081; *see also Whren v. United States*, 517 U.S. 806, 812 (1996) ("Not only have we never held … that an officer's motive invalidates objectively justifiable behavior under the Fourth Amendment; but we have repeatedly held and asserted the contrary."); *Padilla v. Yoo*, 678 F.3d 748, 758 (9th Cir. 2012) (noting that the Supreme Court's "decisions as a whole had emphasized that Fourth Amendment reasonableness is predominantly an objective inquiry" (internal citations and quotation marks omitted)); *United States v. Perea-Rey*, 680 F.3d 1179, 1187 (9th Cir. 2012) ("The subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment." (quoting *Bond v. United States*, 529 U.S. 334, 338 n.2 (2000))); *Mullenix v. Luna*, ---S. Ct. ---, 2015 WL 6829329, at *12 (U.S. Nov. 9, 2015) (Sotomayor, J., dissenting) ("an officer's actual intentions are irrelevant to the Fourth Amendment's 'objectively reasonable'

5

inquiry" even when the officer uses deadly force "for no discernible gain and over a supervisor's express order"). Indeed, elsewhere in their brief Plaintiffs acknowledge that "an officer's subjective intent is generally irrelevant under the Fourth Amendment (and FISA)," Pls. Reply Br. 100, and do not contend that the standard is any different under FISA.

*Second*, even if there were a bad-faith exception to the invited informer doctrine, the proposition that the government must conduct investigations in good faith (*i.e.*, not for the purpose of abridging constitutional rights) is far too general to foreclose Tidwell's and Walls' entitlement to qualified immunity here. The Supreme Court repeatedly has instructed courts "not to define clearly established law at a high level of generality," and a general good-faith requirement does just that. *al-Kidd*, 131 S. Ct. at 2084. Instead, to preclude an officer's entitlement to qualified immunity, the right "must have been 'clearly established' in a more particularized, and hence more relevant sense," such that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)), *Saucier overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009).

Indeed, Plaintiffs' Complaint demonstrates that not every official would have understood that using the informer in the circumstances alleged here would

6

have triggered the claimed bad-faith exception of the invited-informer doctrine.

After all, Plaintiffs themselves allege that the investigation was intended to gather

information regarding individuals who may have connections to terrorist

organizations, such as the Taliban, Hezbollah, and Hamas. ER214 (FAC ¶ 117).

Plaintiffs further allege that the informant was instructed by Agents Armstrong and

Rose to gather information regarding matters associated with counterterrorism,

including: (a) individuals who may be sympathetic to and/or interested in

"mujahideen," violent "jihadist" activities, and religious extremism or radicalism,

ER209, 212-213, 221, 227-228, 231 (*id.* ¶¶ 96, 111-113, 143, 169, 171, 187); (b)

charitable giving, fundraising, and financial information, ER211, 218, 222, 230,

237 (*id.* ¶¶ 105-106, 133, 146, 182, 210); and (c) telephone, international call, and

email information associated with "persons of interest who were believed to be

linked to terrorism," ER217-218 (*id.* ¶ 132). And Plaintiffs allege that the

informant successfully gathered information deemed relevant to counterterrorism

efforts, including that: the FBI deemed the informant's information as "particularly

valuable" and it had "proven to be essential" to a federal prosecution, ER93, 225

(*id.* ¶¶ 12, 163); "[the] information…was followed by people 'at the highest

levels,'" ER107 (*id.* ¶ 56); "the operation was among the ten most important

intelligence investigations going on in the country"; and information regarding

individuals' finances, foreign assets, and immigration issues "would be shared with

other agencies," ER109 (*id.* ¶ 61).  Plaintiffs offer no case (whether decided in

2006 or today) holding that the use of an informer would have triggered the

claimed bad-faith exception under such circumstances, let alone that "every

reasonable official" would have understood such alleged surveillance was

unlawful.  ER67.

*Finally*, to the extent that Plaintiffs are correct that the invited informer

doctrine has a good-faith requirement, the government's assertion of the state

secrets privilege requires dismissal of the FISA claim.  As a result of that assertion,

Tidwell and Walls are foreclosed from relying on privileged information to dispute

Plaintiffs' contention that the investigation was undertaken in bad faith by

targeting Plaintiffs solely for the purpose of impeding their free exercise of

religion.  As the district court put it, "privileged information provides essential

evidence for Defendants' full and effective defense against Plaintiffs' claims—

namely, showing that Defendants' purported 'dragnet' investigations were not

indiscriminate schemes to target Muslims, but were properly predicated and

focused."  ER61.  Thus, even if there is a bad-faith exception to the invited

informer doctrine, and even if Tidwell and Walls are not entitled to qualified

immunity on Plaintiffs' FISA claim, Defendants' inability to offer evidence

proving that they acted in good faith requires dismissal.  *See Mohamed v. Jeppesen*

*Dataplan, Inc.*, 614 F.3d 1070, 1082-1083 (9th Cir. 2010) (assertion of state

secrets privilege requires dismissal when it precludes defendant from adequately raising and supporting available defenses).

    **B.**    **Plaintiffs' Expectation of Privacy in Their Communications in Public Areas of a Mosque Was Not Clearly Established**

Plaintiffs also allege that the informant left behind recording devices in mosques, at lectures, and at sporting events, (ER216, 228, 236 (FAC ¶¶ 126-127, 172, 206)), but they do not allege that these places were closed to the public when these alleged recordings occurred.  Accordingly, Plaintiffs have not sufficiently alleged that they had a reasonable expectation of privacy in those conversations. *See, e.g., Lyall v. City of Los Angeles*, 2011 WL 61626, at *5 (C.D. Cal. Jan. 6, 2011)  (no reasonable expectation of privacy at warehouse that "was not used for residential purposes," was used to host a public event, and over which plaintiffs possessed no possessory interest); *United States v. Gonzalez*, 328 F.3d 543, 547-548 (9th Cir. 2003) (video surveillance of mailroom did not violate Fourth Amendment because no reasonable expectation of privacy in room whose doors remain open through the business day and that receives "heavy foot traffic during business hours"); *United States v. Little*, 753 F.2d 1420, 1435-1436 (9th Cir. 1984) (no reasonable expectation of privacy in reception area when public may enter freely).

Relying on various inapposite cases for the proposition that "privacy is not
an all-or-nothing concept," Pls. Reply Br. 69,[1] Plaintiffs attempt to demonstrate
that they had a reasonable expectation of privacy in these conversations—or at
least those conversations that allegedly occurred in public spaces in mosques. *Id.*
at 68-70.[2]  But this argument misses the point.  The relevant question is not
whether that expectation was reasonable, but whether every reasonable officer
would have understood at the time that the surveillance would violate the Fourth
Amendment or FISA.  Plaintiffs make no attempt whatsoever to address this

---

[1] For example, Plaintiffs rely on *Mockaitis v. Harcleroad*, 104 F.3d 1522, 1533
(9th Cir. 1997) for the vague proposition that "expectations of privacy arising out
of religious custom are based on the nation's history of respect for religion in
general."  Pls. Reply Br. 70-71.  But *Mockaitis* involved a one-on-one confessional
with a priest, not a public meeting with many participants, and the holding relied
on the existence of an Oregon statute that granted a testimonial privilege to clergy-
communicant communications, as well as the fact that all fifty states recognized
some form of such a privilege.  104 F.3d  at 1522-1533.  Similarly, *Trujillo v. City
of Ontario*, 428 F. Supp. 2d 1094, 1102 (C.D. Cal. 2006), *aff'd sub nom. Bernhard
v. City of Ontario*, 270 F. App'x 518 (9th Cir. 2008), involved video recording in a
*non-public* locker room where individuals showered and changed clothes, while
*United States v. Nerber*, 222 F.3d 597, 600 n.2, 604 (9th Cir. 2000) involved video
recording in a private hotel room which the court "treated essentially the same, if
not exactly the same, as a home."  These cases thus have no bearing on whether the
Fourth Amendment questions presented *in this case* are "beyond debate" for
purposes of qualified immunity.  *al-Kidd*, 131 S. Ct. at 2083.

[2] Plaintiffs do not appear to contend that they had a reasonable expectation of
privacy in conversations occurring at public lectures and sporting events.
*Compare* Pls. Reply Br. 68-70 (discussing only alleged recordings in public areas
of mosque) *with* ER228, 236 (FAC ¶¶ 172, 206) (alleging recordings of
conversations at public lectures and sporting events).

question, and Tidwell and Walls are aware of no case expressly holding (either in 2006 or today) that recordings made in these circumstances would violate the Fourth Amendment or FISA.

In sum, Plaintiffs argue for a general rule in which all communications in a religious context enjoy special Fourth Amendment protections. However, because such a rule does not exist, and thus was certainly not clearly established in 2006, Tidwell and Walls are entitled to qualified immunity with respect to the allegations of audio recordings in public areas of mosques. *See City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1776 (2015) ("Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from unreasonable searches and seizures.").

### C. Plaintiffs Fail to Allege That Tidwell and Walls Personally Directed the Informant to Leave Recording Devices Unattended

Finally, Plaintiffs point to surveillance that allegedly occurred in Plaintiff Fazaga's office, and that allegedly targeted Plaintiff Abdel-Rahim's home, car and phone, but do not sufficiently allege that Tidwell or Walls personally authorized such recordings. Under 50 U.S.C. § 1809—the "violation of which forms the basis for liability under section 1810," *In re NSA Telecommunications Records Litigation*, 564 F. Supp. 2d 1109, 1125 (N.D. Cal. 2008)—liability attaches only if a defendant has "*intentionally* 'engag[ed] in electronic surveillance under color of

law except as authorized by statute,'" *id.* (emphasis added). The FISA claim

should be dismissed because Plaintiffs do not allege that Tidwell and Walls

intentionally engaged in any of the alleged surveillance.

Instead, just as in *Chavez v. United States*, Plaintiffs make the "wholly

conclusory allegation that the supervisory defendants personally reviewed and

thus, knowingly … sanctioned or permitted the allegedly unconstitutional stops."

683 F.3d 1102, 1110 (9th Cir. 2012); *see also id.* ("a supervisor faces liability

under the Fourth Amendment only where 'it would be clear to a reasonable

supervisor that his conduct was unlawful in the situation he confronted'"). In fact,

Plaintiffs mention Tidwell and Walls in only nine of the Complaint's 260

paragraphs, and those paragraphs contain only generic allegations regarding those

Defendants' supervision of the investigation. For example, Plaintiffs allege that

Tidwell "authorized the nature and scope of the operation and its targeting of

Muslims," and "actively" directed the agents "for the purpose of surveilling

Plaintiffs and other[s] … because they were Muslim." ER185-186 (FAC ¶ 20).

Likewise, the Complaint describes Walls' role as "one of the direct supervisors of"

the agents conducting the investigation at issue. ER186 (FAC ¶ 21). But nowhere

do Plaintiffs allege that Tidwell and Walls directed the informant to leave his

recording device unattended in these locations, and for good reason: The

Government recently declassified a portion of the classified declaration of

12

Assistant Director of the FBI's Counterterrorism Division, Mark Giuliano, which reveals that Mr. Monteilh signed an agreement "*not to leave the recording equipment unattended or take any other action which is likely to result in the recording of conversations to which [he is] not a party*." Dkt. 70-2 at 3 (emphasis added). Here, as in *Chavez*, Plaintiffs have made the insufficient allegations that Tidwell and Walls merely "sanctioned or permitted the allegedly unconstitutional stops." 683 F.3d at 1110.[3]

---

[3] Dismissal of Plaintiffs' FISA claim against Tidwell and Walls is therefore required because those Defendants are entitled to qualified immunity. Dismissal is also warranted for a second reason, discussed in Tidwell and Walls' opening brief: the FTCA judgment bar precludes every claim, including the FISA clam, against them. T&W Br. 31-33. Under Section 2676 of the FTCA, "[t]he judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. After the district court found that the Attorney General's assertion of the state secrets privilege warranted dismissal of all of Plaintiffs' claims against the United States, the district court (at Plaintiffs' urging) issued a partial final judgment under Federal Rule of Civil Procedure 54(b) with respect to all of the dismissed claims— including Plaintiffs' FTCA claim. ER11-12. As a result of that final judgment, Plaintiffs' FISA claim against Tidwell and Walls falls squarely within the FTCA's judgment bar and must be dismissed. This Court should reject Plaintiffs' counter-textual arguments to the contrary. *See, e.g., Manning v. United States*, 546 F.3d 430, 433-434 (7th Cir. 2008) (under plain meaning of "any action" in § 2676, FTCA judgment for the government bars *Bivens* claims brought in same lawsuit); *accord Harris v. United States*, 422 F.3d 322, 334 (6th Cir. 2005). *See also Winnemem Wintu Tribe v. Department of Interior*, 725 F. Supp. 2d 1119, 1149 (E.D. Cal. 2010) (relying on *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987) to apply the FTCA judgment bar to preclude *Bivens* claims following dismissal of FTCA claim in the same action).

13

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's refusal to dismiss Plaintiffs' FISA Claim against Tidwell and Walls.

Respectfully submitted,

/s/  Carl J. Nichols

KATIE MORAN                          HOWARD M. SHAPIRO
WILMER CUTLER PICKERING              CARL. J. NICHOLS
  HALE AND DORR LLP               DAVID G. BERAKA
350 South Grand Avenue, Suite 2100  WILMER CUTLER PICKERING
Los Angeles, CA 90071                 HALE AND DORR LLP
(213) 443-5300                      1875 Pennsylvania Avenue NW
                                    Washington, DC 20006
                                    (202) 663-6000

November 13, 2015

14

## STATEMENT OF RELATED CASES

Pursuant to Circuit Rule 28-2.6, I state that I am not aware of any cases related to this appeal.

/s/  Carl Nichols
CARL J. NICHOLS

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(a)(7)(B), the brief contains 3,214 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Times New Roman font. As permitted by Fed. R. App. P. 32(a)(7)(B), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.


/s/ Carl Nichols
CARL J. NICHOLS

November 13, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2015, I electronically

filed the foregoing with the Clerk of the Court for the United States Court of

Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all

parties to the case are registered CM/ECF users and will be served by the appellate

CM/ECF system.


/s/ Carl Nichols
ATTORNEY NAME