

December 4, 2015

Molly C. Dwyer
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103

      RE:    *Yassir Fazaga, et al. v. FBI, et al.*
               Ninth Circuit Case No. 13-55017
               Scheduled for oral argument on 12/07/2015 before Judges Ronald M. Gould,
               Marsha S. Berzon, and George Caram Steeh, III

Dear Ms. Dwyer:

Plaintiff-Appellants respectfully submit this citation of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6.

After Plaintiff-Appellants' Reply/Cross-Appellee Brief was submitted on September 21, 2015, the Third Circuit Court of Appeals issued its opinion in *Hassan v. City of New York* on October 13, 2015. 804 F.3d 277 (3d Cir. 2015).

In that opinion, the Third Circuit reviewed a challenge to a wide-ranging program of police surveillance that, allegedly, expressly targeted the Muslim community in and around New York City in the name of counterterrorism. The Third Circuit reversed the district court's dismissal of plaintiffs' religious discrimination claims under the First Amendment's religion clauses and the Fourteenth Amendment's equal protection clause.

In so doing, the court addressed a number of issues relevant to this case. While Plaintiff-Appellants believe the entire opinion may be relevant, of particular relevance are the discussions of the unequal treatment itself as an injury, *id.* at 18-21, the allegations of intent required for a policy of explicit discrimination, *id.* at 30-41, and the holding that courts must subject explicit religious discrimination to heightened scrutiny analysis under equal protection principles, *id.* at 41-58.

Critically, in reversing dismissal of the plaintiffs' Fourteenth Amendment equal protection claim, the court explained that an invidious motive is not "a necessary element of discriminatory intent. … All you need is that the state actor *meant* to single out a plaintiff because of the *protected characteristic* itself." *Id.* at 40 (emphasis in original). The court reversed dismissal of the First Amendment claims on similar grounds. *Id.* at 63-67. Further, the court emphasized that, under both the Equal Protection Clause and the First Amendment, "intentional discrimination based on religious affiliation must survive heightened equal-protection review." *Id.* at 47.

Plaintiff-Appellants respectfully submit that the Third Circuit's analysis of allegations of religious discrimination in surveillance is relevant to the issues under review before this Court.

Respectfully submitted,

s/Peter Bibring
Peter Bibring

cc: Counsel of record (by the Court's electronic filing system)

