

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7215
Washington, DC 20530

Tel: 202-514-1838

VIA CM/ECF

December 23, 2015

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals
 for the Ninth Circuit
95 Seventh St
San Francisco, CA 94103

RE: *Fazaga v. Federal Bureau of Investigation*,
Nos. 12-56867, 12-56874, 13-55017 (9th Cir.)
**Argued December 7, 2015**

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), we are writing regarding this Court's recent decision in *Jewel v. National Security Agency*, No. 15-16133, ___ F.3d ___, 2015 WL 9244880 (9th Cir. Dec. 18, 2015). Plaintiffs in this case relied on an earlier district-court decision in *Jewel* in support of their argument that the state secrets privilege is superseded by a provision of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1806(f). *See* Plaintiffs' Opening Br. 54, 58 (citing *Jewel v. National Security Agency*, 965 F. Supp. 2d 1090 (N.D. Cal. 2013)); Plaintiffs' Response/Reply Br. 16, 18 (same).

This Court's recent decision dismissed for lack of appellate jurisdiction an appeal from a subsequent district-court order in that case, which had "dismissed a Fourth Amendment claim . . . regarding Internet surveillance, on the grounds that plaintiffs lacked standing and that their claim was barred by the state secrets privilege." *Jewel*, 2015 WL 9244880, at *1. This Court did not address whether FISA supersedes the state secrets privilege, and if so, in what circumstances, though the Court did observe that the district court had not attempted to reconcile

its holding that additional litigation would be prohibited by the state secrets privilege with "its previous determination that FISA § 1806(f) preempts the state secrets doctrine for Stored Communications Act and Wiretap Act claims." *Id.* at *6 n.4.

        Sincerely,

        *s/ Daniel Tenny*
        Daniel Tenny

cc (by CM/ECF):   All counsel of record