# SCHEPER KIM & HARRIS LLP

Alexander H. Cote
(213) 613-4660
acote@scheperkim.com

June 23, 2017

**VIA CM/ECF**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals for the
Ninth Circuit
95 Seventh Street
San Francisco, California 94103

    Re:    ***Fazaga v. Federal Bureau of Investigation, et al.***
            Nos. 12-56867, 12-56874, 13-55017 (9th Cir.)
            Argued December 7, 2015 before the Hon. Ronald M. Gould, Marsha S. Berzon
            and George Caram Steeh, III

Dear Ms. Dwyer:

    I write pursuant to Federal Rule of Appellate Procedure 28(j) regarding the Supreme Court's recent decision in *Ziglar v. Abbasi* (Exhibit A hereto). *Ziglar* articulates the test for recognizing an implied cause of action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which was argued in the briefs in this appeal. (*See, e.g.,* 12-56874 Docket No. 57-1 at 65-71 and 13-55017 Docket No. 64-1 at 33-44.)

    First, the Court must determine if the case presents a "new context," *i.e.*, if "the case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. (Ex. A at 16.) Plaintiffs' claims here, like the claims pursued in *Ziglar,* have "little resemblance to the three *Bivens* claims the [Supreme] Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." (*Id.* at 17.) Accordingly, Plaintiffs' claims raise a new context.

    Second, the Court must consider whether "special factors" counsel hesitation in creating the cause of action in that new context. Several "special factors" identified by the Supreme Court in *Ziglar* apply with equal force here, including that Plaintiffs (a) "challenge large-scale policy decisions" rather than individual officer conduct, (b) seek to "hold officers responsible for the acts of their subordinates," (c) seek court intrusion into "sensitive issues of national security," and (d) have "alternative remedies" crafted by Congress available to them. (*Id.* at 17-26.)

SCHEPER KIM & HARRIS LLP

Ms. Molly C. Dwyer
June 23, 2017
Page 2

Accordingly, *Ziglar* compels the conclusion that Plaintiffs' *Bivens* claims were properly dismissed by the district court.

  *Ziglar* also holds that it is not clearly established that a "conspiracy" can arise under 42 U.S.C. § 1985(3) from official discussions (and the resulting policies) among government employees of the same entity. (*Id.* at 26-32.) For this reason, Defendants are entitled to qualified immunity on Plaintiffs' Section 1985(3) claims, which were properly dismissed. (*See, e.g.,* 12-56874 Docket No. 57-1 at 58-61 and 13-55017 Docket No. 64-1 at 49-51.)

            Very truly yours,

            Alexander H. Cote
            SCHEPER KIM & HARRIS LLP

cc (by CM/ECF): All counsel of record