

**VIA CM/ECF**

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, California 94103

Re: Fazaga v. Federal Bureau of Investigation, et al.
Nos. 12-56867, 12-56874, 13-55017 (9th Cir.)
Argued December 7, 2015 before the Hon. Ronald M. Gould, Marsha S. Berzon and George Caram Steeh, III

Dear Ms. Dwyer:

Plaintiffs respond to Defendants' Rule 28(j) letter of June 23, 2017 regarding the Supreme Court's decision in *Ziglar v. Abbasi*, 582 U.S. ____ (2017).

First, *Ziglar*'s holding that the facts presented a new *Bivens* context do not control this case, which involves unconstitutionally discriminatory targeting by law enforcement, for which this Circuit has repeatedly allowed damages actions, even in cases involving national security. *See* Plaintiffs-Appellants' Reply/Cross-Appellee Brief ("Plfs.' Reply") at 42-45.

Second, Defendants identify four "special factors" that led *Ziglar* to hold a *Bivens* remedy inappropriate, but none apply here. *Ziglar* noted that Plaintiffs sought damages against high-level executive officers (the Attorney General, FBI Director and INS Commission) to "challenge large-scale policy decisions" and to "hold officers responsible for the acts of their subordinates." *Ziglar*, Dkt. 114-2, Exh. A at 17. Here, Plaintiffs seek damages not against agency heads for setting policy, but against FBI agents involved in the operation and immediate, local supervisors for their own direct participation in the unconstitutional discrimination. *See* Plfs.' Reply at 92-101. Indeed, *Ziglar* remanded claims against the wardens who played similar supervisory roles. *Ziglar* at 23-26.

Plaintiffs also lack "alternative remedies" for the harm of religious discrimination akin to the habeas action that *Ziglar* emphasized would provide "a faster and more direct route to relief than a suit for money damages." *Ziglar,* at 22. Defendants here pointed only to statutes that address tangentially related harm, but provide no alternative remedy for the central harm of religious discrimination. *See* Plfs.' Reply at 47-54. Plaintiffs' claims also concern not "large-scale policy decisions" but "individual instances of unconstitutional discrimination or law enforcement overreach, which," *Ziglar* recognized, "due to their very nature are difficult to address except by way of damages actions after the fact." *Ziglar,* at 21.

Finally, while this case concerns "national security" broadly, unlike *Ziglar*, it does not involve the government's immediate response to the September 11 attacks, which the Court noted had been the subject of intense Congressional review, or "high-level policies" likely to attract the

Page 2

attention of Congress, such that Congressional inaction would indicate disapproval of a damages remedy. *Id.* at 20-21.

Sincerely,

Peter Bibring
ACLU of Southern California

cc (by CM/ECF): All counsel of record



## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2017, I caused to be electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

      s/ Peter Bibring_____
PETER BIBRING
Counsel for Plaintiffs