Consolidated Case Nos.: 12-56867, 12-56874, 13-55017

U.S.D.C. Case No. 8:11-cv-00301-CJC-VBK

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YASSIR FAZAGA, et al.

Plaintiff/Appellants/Cross-Appellees,

v.

FBI, et al.,

Defendants/Appellees/Cross-Appellants.

On Appeal From The United States District Court
For The Central District of California

**APPELLANTS PAT ROSE, PAUL ALLEN AND KEVIN ARMSTRONG'S PETITION FOR PANEL REHEARING, OR IN THE ALTERNATIVE, REHEARING *EN BANC***

DAVID C. SCHEPER (SBN 120174)
ALEXANDER H. COTE (SBN 211558)
SCHEPER KIM & HARRIS LLP
601 WEST FIFTH STREET, 12TH FLOOR
LOS ANGELES, CALIFORNIA 90071-2025
TELEPHONE: (213) 613-4655
FACSIMILE: (213) 613-4656
***Attorneys for Pat Rose, Paul Allen and Kevin Armstrong***

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND RULE 35 STATEMENT ................................... 1

II. REASONS TO GRANT REHEARING ....................................................... 3

    A. The Panel Deprived The Agent Defendants Of Their Right To A Jury Trial Under The Seventh Amendment ............................ 3

    B. The Panel's Denial Of Qualified Immunity To The Agent Defendants Is Inconsistent With Controlling Ninth Circuit Law ................................................................................................... 7

        1. Controlling Precedent Holds That A Religiously Motivated Investigation Does Not Violate The Constitution ............................................................................ 7

        2. The Panel Was Obligated To Follow Controlling Precedent .................................................................................. 8

        3. Even If The Court Were To Overrule Vernon, The Agent Defendants Are Still Entitled To Qualified Immunity .................................................................................. 10

    C. By Holding The Agent Defendants Responsible For the Conduct of "Unnamed FBI Agents," The Panel Disregarded Controlling Supreme Court And Ninth Circuit Precedent ............ 12

III. CONCLUSION ........................................................................................ 14

i

# **TABLE OF AUTHORITIES**

**Page(s)**

Federal Cases

*American Family Ass'n, Inc. v. City & Cty. of San Francisco*,
  277 F.3d 1114 (9th Cir.) ..................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................3

*Booth v. United States*,
  914 F.3d 1199 (9th Cir. 2019) ........................................................9

*Carlson v. Green,*
  446 U.S. 14 (1980).......................................................................1, 4

*Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*,
  508 U.S. 520 (1993)........................................................... 9, 10, 11

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
  526 U.S. 687 (1999).........................................................................4

*Fazaga v. Fed. Bureau of Investigation*,
  916 F.3d 1202 (9th Cir. 2019) ........................... 1, 3, 4, 9, 11, 12, 13

*Foster v. City of Indio*,
  908 F.3d 1204 (9th Cir. 2018) ....................................... 2, 10, 11, 12

*Kisela v. Hughes*,
  138 S. Ct. 1148 (2018).......................................... 2, 7, 8, 9, 10, 11

*Larson v. Valente*,
  456 U.S. 228 (1982)........................................................... 9, 10, 11

*Lemon v. Kurtzman*,
  403 U.S. 602 (1971).............................................................. 8, 9, 10

*Miller v. Gammie*,
  335 F.3d 889 (9th Cir. 2003) ...........................................................9

*Nurse v. United States*,
  226 F.3d 996 (9th Cir. 2000) .............................................. 1, 2, 4

*Sherbert v. Verner*,
   374 U.S. 398 (1963).................................................................................8, 9

*Tarabochia v. Adkins*,
   766 F.3d 1115 (9th Cir. 2014) ...................................................................11

*Thuraissigiam v. U.S. Dep't of Homeland Sec.*,
   917 F.3d 1097 (9th Cir. 2019) .....................................................................6

*United States v. Abu-Jihaad*,
   630 F.3d 102 (2d Cir. 2010) ....................................................................5, 6

*United States v. Belfield*,
   692 F.2d 141 (D.C. Cir. 1982).....................................................................5

*United States v. Damrah*,
   412 F.3d 618 (6th Cir. 2005) ...................................................................5, 6

*United States v. Mahamud*,
   838 F.Supp.2d 881 (2012) ...........................................................................6

*United States v. Nicholson*,
   955 F. Supp. 588 (E.D. Vir. 1997)...............................................................5

*United States v. Ott*,
   827 F.2d 473 (9th Cir. 1987) .......................................................................5

*Vernon v. City of Los Angeles*,
   27 F.3d 1385 ............................................................... 2, 7, 8, 9, 10, 11, 12

Federal Rules

Federal Rule of Appellate Procedure 35................................................. 2, 10, 14

Federal Rule of Appellate Procedure 40................................................. 2, 10, 14

# I.

## INTRODUCTION AND RULE 35 STATEMENT

This Petition seeks rehearing, or in the alternative, rehearing *en banc*, to correct a panel decision that conflicts with well-established Supreme Court and Ninth Circuit precedents in three critical respects.

*First*, the panel impermissibly deprived Defendants Pat Rose, Paul Allen, and Kevin Armstrong (collectively, the "Agent Defendants") of their right to a jury trial under the Seventh Amendment. Plaintiffs allege that the Agent Defendants investigated Plaintiffs based on their religious beliefs and were responsible for listening devices placed in Plaintiff Fazaga's office and in Plaintiff AbdelRahim's home. The district court dismissed these claims, after the government asserted the state secrets privilege over both the motives behind the investigation and the means employed by the Agent Defendants to conduct it. The panel reversed, however, finding that instead of dismissing the claims, the district court must adjudicate them in an "*ex parte* and *in camera*" proceeding without a jury. *See Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1216 (9th Cir. 2019) ("*Fazaga*"); *see also* Appendix A hereto. But it is undisputed that the Agent Defendants have a Seventh Amendment right to a jury trial on Plaintiffs' claims, as Supreme Court and Ninth Circuit precedents make clear. *See Carlson v. Green,* 446 U.S. 14, 22 (1980); *Nurse v. United*

-1-

*States*, 226 F.3d 996, 1005 (9th Cir. 2000). Accordingly, rehearing is necessary, both to restore the Agent Defendants' Seventh Amendment rights and to maintain the uniformity of the Court's decisions under Rules 35 and 40 of the Federal Rules of Appellate Procedure.

*Second*, in denying the Agent Defendants qualified immunity, the panel implicitly overruled this Court's prior decision in *Vernon v. City of Los Angeles*, 27 F.3d 1385, *cert. denied*, 513 U.S. 1000 (1994). *Vernon* held that a religiously motivated investigation *does not* violate the Constitution, but the panel rejected *Vernon's* analysis, finding that the district court must apply a stricter legal test than the one employed by *Vernon*. However, a three-judge panel cannot overrule a prior decision of this Court, and for this reason alone rehearing is necessary. Moreover, even assuming this Court ultimately concludes that *Vernon* was wrongly decided, it must still dismiss Plaintiffs' claims, because qualified immunity arises out of "the law at the time of the conduct," not the law as it later develops. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018), *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018). No one disputes that *Vernon* was the controlling precedent at the time of the Agent Defendants' allegedly unlawful conduct, and therefore rehearing is necessary to conform the decision to this controlling qualified immunity caselaw.

*Third*, although the panel found that Plaintiffs alleged that "unnamed FBI agents" had planted listening devices in Fazaga's office and AbdelRahim's house, it nonetheless held that Plaintiffs stated a claim against Defendants Allen and Armstrong for that conduct. *Fazaga* at 1225. But Plaintiffs must plead that each defendant official violated the Constitution through their "own individual actions," not through the actions of others. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The panel's failure to apply this law to the Agent Defendants also requires panel or *en banc* rehearing to maintain uniformity of the Court's decisions.

## II.

## REASONS TO GRANT REHEARING

A. **The Panel Deprived The Agent Defendants Of Their Right To A Jury Trial Under The Seventh Amendment**

The district court dismissed Plaintiffs' claims after it agreed with the government that the investigation's predicate and methods were state secrets. The panel reversed, and held that the *in camera* and *ex parte* procedures of Foreign Intelligence Surveillance Act ("FISA") Section 1806(f) supplant the traditional dismissal remedy required under the state secrets doctrine. *Fazaga* at 1216. As a result, the panel reversed the dismissal of Plaintiffs' claims against the Agent Defendants, and ordered the district court to resolve those claims in a

-3-

secret trial, on secret evidence. *Id.* at 1251-54. The government's Petition for Rehearing aptly explains why this interpretation of Section 1806(f) is erroneous, and those arguments (which the Agent Defendants endorse) will not be restated here. Accordingly, this Petition will focus on an aspect of the panel's decision that is unique to the Agent Defendants: that it impermissibly deprives the Agent Defendants of their Seventh Amendment right to a jury trial.

Both Supreme Court and Ninth Circuit precedent hold that Plaintiffs' civil rights claims against the Agent Defendants must be tried by a jury. *See Carlson v. Green*, 446 U.S. 14, 22 (1980) (right to jury trial in *Bivens* suit), *Nurse v. United States*, 226 F.3d 996, 1005 (9th Cir. 2000) (same), *see also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (right to jury trial in § 1983 suit). Indeed, Plaintiffs conceded below that their claims must be decided by a jury. (*See* Dkt. 79-2 at 21.)

Nevertheless, a footnote in the panel's decision rejected the Agent Defendants' Seventh Amendment argument as "unpersuasive," holding that other "courts have upheld the constitutionality of the FISA *in camera* and *ex parte* procedures." *Fazaga* at 1238 n. 31.[1] Although the footnote cites six cases

---

[1] The Agent Defendants also argued below that the panel's interpretation of Section 1806(f) violated their due process rights under the Fifth Amendment, another argument the panel rejected in its footnote. As explained in the Petition

in support of this proposition, none of them say anything about the Seventh Amendment, and none endorse using Section 1806(f) procedures to rule on the *merits* of a civil rights claim against a government official.

Instead, in each of the cited cases, a criminal defendant challenged the use of Section 1806(f) procedures to determine whether FISA evidence should be *suppressed* or *disclosed* to that criminal defendant. Thus, in *United States v. Abu-Jihaad*, 630 F.3d 102, 129 (2d Cir. 2010), a criminal defendant challenged the district court's use of Section 1806(f) procedures to deny his request for "disclosure of FISA materials" and for a public "preliminary hearing" on the admissibility of the FISA evidence. Likewise, in *United States v. Damrah*, 412 F.3d 618, 623 (6th Cir. 2005), a criminal defendant challenged the use of Section 1806(f)'s procedures to rule on his "motions to compel the production of FISA applications, orders, and related documents and to suppress FISA obtained evidence." *Id., see also United States v. Ott*, 827 F.2d 473 (9th Cir. 1987) (approving application of § 1806(f) to a "motion to suppress"), *United States v. Belfield*, 692 F.2d 141, 148 (D.C. Cir. 1982) (approving application to "requested disclosure of any electronic surveillance covering" the defendants), *United States v. Nicholson,* 955 F. Supp. 588 (E.D. Vir. 1997) ("motion to

---

for Rehearing filed by Defendants Tidwell and Walls, that rejection provides a further ground for rehearing.

suppress"); *United States v. Mahamud*, 838 F.Supp.2d 881 (2012) ("Defendant has moved to suppress").

In other words, these six cases discuss the use of Section 1806(f) procedures to make *evidentiary* and *discovery* rulings on FISA materials. None support the use of those procedures to decide the *merits* of a claim – and none say anything about depriving a civil defendant of his Seventh Amendment right to a jury trial. Rather, both *Damrah* and *Abu-Jihaad* explicitly noted the use of a jury to rule on the merits of the action.

In short, the panel's decision depriving the Agent Defendants of their right to a jury trial runs afoul of controlling Seventh Amendment authorities, and finds no support in any of the panel's cited decisions. Accordngly, rehearing or rehearing *en banc* is necessary to ensure uniformity of the Circuit's law and vindicate the Agent Defendants' right to a jury trial.[2]

---

[2] As the Agent Defendants noted in earlier briefing, the Court need not ultimately find that the Section 1806(f) violates the Seventh Amendment. Instead, under the doctrine of constitutional avoidance, it should adopt the "fairly plausible" alternative interpretation that Section 1806(f)'s *ex parte* and *in camera* procedures are designed to resolve whether the government itself may use information gathered through electronic surveillance against an aggrieved person, but are not intended to resolve the *merits* of a civil claim. *See Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1119 (9th Cir. 2019) (courts should avoid a "construction of a statute [that] would raise serious constitutional problems [if] an alternative interpretation of the statute" that would not raise those concerns "is fairly possible") (quote omitted). That interpretation is not only more consonant with the text of the statute, but it also

**B.     The Panel's Denial Of Qualified Immunity To The Agent Defendants Is Inconsistent With Controlling Ninth Circuit Law**

*1.     Controlling Precedent Holds That A Religiously Motivated Investigation Does Not Violate The Constitution*

The Agent Defendants argued below that they were entitled to qualified immunity because Plaintiffs failed to identify even a single case prohibiting the use of religion as a factor (or as the sole factor) in a criminal or counterterrorism investigation. In other words, Plaintiffs failed to show that the their claimed right to be free from a religiously motivated investigation was "clearly established" at the time of the alleged violation. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018).

To the contrary, this Circuit held in *Vernon v. City of Los Angeles*, 27 F.3d 1385, *cert. denied*, 513 U.S. 1000 (1994) ("*Vernon*") that religiously motivated investigations do *not* necessarily violate the First Amendment. In *Vernon*, the City of Los Angeles investigated assistant police chief Robert Vernon after City Council members inquired "into whether Vernon's religious beliefs improperly affected the operations of the LAPD." *Vernon* at 1389-90. Because the investigation ultimately found no wrongdoing, and no action was

---

avoids raising any serious doubts about its constitutionality under the Seventh Amendment.

taken against the chief, Vernon filed a Section 1983 suit against the City, alleging that the investigation violated his "rights under the Free Exercise and Establishment Clauses of the First Amendment, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment." *Id.* Particularly, Vernon objected to "an investigation into the potentially improper impact of his religious beliefs upon his job as Assistant Chief of Police." *Id.* at 1396.

This Court rejected Vernon's claims. With respect to the Free Exercise Clause claim, the Court applied the test dictated by *Sherbert v. Verner*, 374 U.S. 398 (1963), and concluded that Chief Vernon "failed to demonstrate a substantial burden" on the practice of his religion as required by *Sherbert*. *Vernon* at 1392. With respect to the Establishment Clause claim, *Vernon* held that the chief could not meet the three prong test laid out in *Lemon v. Kurtzman*, 403 U.S. 602 (1971), because (a) the investigation was motivated by non-secular concerns, (b) the investigation failed to send a message of disapproval of religion and (c) there was no excessive entanglement. *Vernon* at 1396-1401.

### 2. *The Panel Was Obligated To Follow Controlling Precedent*

In light of *Vernon*, the Agent Defendants argued below, Plaintiffs' claimed right to be free from religiously motivated investigation could not have been "beyond debate" at the time of the investigation. *Kisela*, 138 S. Ct. at 1152. Nevertheless, in a footnote the panel held that *Vernon* does not "entitle

the Agent Defendants to qualified immunity as to claims involving intentional discrimination based on Plaintiffs' religion." *Fazaga* at 1248 n. 44. Instead, the panel held, these claims are governed by a more exacting test articulated by two earlier cases: *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993) and *Larson v. Valente*, 456 U.S. 228, 244 (1982). *Fazaga* at 1248 n. 44, *see also id.* at 1244-45. In other words, the panel rejected both *Vernon's* legal analysis (*i.e.*, which legal test to apply) and its ultimate holding (*i.e.*, that a religiously motivated investigation does not offend the Constitution), in denying qualified immunity to the Agent Defendants. *Id.*

However, it is well established in this Circuit that "a three-judge panel may not overrule a prior decision of the court." *Booth v. United States*, 914 F.3d 1199, 1206 (9th Cir. 2019); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003). Yet that is exactly what the panel did: it rejected *Vernon's* reliance on *Lemon* and *Sherbert* tests and instead directed the district court to apply *Lukumi* and *Larson's* heightened scrutiny analysis to Plaintiffs' claims. What's more, the panel rejected *Vernon* without pointing to any intervening change in the case law that might justify its departure from precedent. Instead, the only cases it relied on in rejecting *Vernon* – *Lukumi* and *Larson* – pre-date *Vernon*, and *Vernon* actually cited *Lukumi* before applying the *Lemon* test. *See Vernon* at

1396. Thus, neither *Lukumi* nor *Larson* provide a basis for overruling *Vernon*.³ Accordingly, because *Vernon* remained good law at the time the panel issued its decision, the panel could not overrule it without *en banc* review.

### 3. *Even If The Court Were To Overrule Vernon, The Agent Defendants Are Still Entitled To Qualified Immunity*

Even if the panel *could* overrule *Vernon*, it still should have granted the Agent Defendants qualified immunity, for three reasons.

*First,* whether a defendant is entitled to qualified immunity turns on the law at the time of the alleged violation, not subsequent developments in the law. *Kisela,* 138 S. Ct. at 1152; *see also Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018). Whatever criticisms can be levied at the case in 2019, there is no doubt that *Vernon* was the controlling precedent in 2006, at the time of the Agent Defendants' allegedly unlawful conduct. Accordingly, because *Vernon* held that a religiously motivated investigation does not necessarily offend the

---

³ The panel cites no Ninth Circuit decision calling *Vernon* into question because none can be found. To the contrary, this Court has favorably cited *Vernon* numerous times. For example, in *American Family Ass'n, Inc. v. City & Cty. of San Francisco*, 277 F.3d 1114, 1123 (9th Cir.) *cert. denied*, 537 U.S. 886 (2002), the Ninth Circuit relied on *Vernon* to reach the opposite conclusion as the panel did here, *i.e.*, it held that *Lemon* – not *Lukumi* – provided the appropriate standard when evaluating a government action "targeting religious beliefs." The panel decision's inconsistency with *American Family* only reinforces the need for rehearing under Rules 35 and 40 of the Federal Rules of Appellate Procedure.

-10-

Constitution, the Agent Defendants could not have had fair notice that their conduct was unlawful. They are therefore entitled to qualified immunity.

*Second,* to defeat qualified immunity, Plaintiffs bear the burden of proving that their right to be free from religiously motivated investigation is "clearly established." *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014). To satisfy their burden, Plaintiffs must point to existing authority that placed the constitutional question "beyond debate" at the time of the alleged violation. *Kisela*, 138 S. Ct. at 1152. Merely knocking down *Vernon* brings Plaintiff no closer to satisfying that burden, because Plaintiffs have never identified any case prohibiting a religiously motivated investigation. Thus, even in *Vernon's* absence, the Agent Defendants are entitled to qualified immunity.

*Third*, the Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." *Kisela*, 138 S. Ct. at 1152 (quotes omitted), *Foster*, 908 F. 3d at 1210. Yet that is exactly what the panel did here: it described the Agent Defendants' investigation in the broadest of strokes as "intentional religious discrimination," and then held that the Agent Defendants should have known – despite *Vernon's* contrary holding – that their investigation would later be subject to heightened scrutiny under *Lukumi* and *Larson*. *Fazaga* at 1248 n. 44. This fact-free generalizing has no place in the qualified immunity analysis.

-11-

Rather, the "dispositive question is whether the violative nature of *particular* conduct is clearly established." *Foster*, 908 F. 3d at 1210 (quote omitted, emphasis in original). *Vernon* is the only case that discusses the "particular conduct" at issue here – an investigation allegedly motivated by religion – and therefore the qualified immunity analysis should begin and end with *Vernon*, not with broad assertions about "intentional discrimination." For this additional reason, the court should grant rehearing and find that the Agent Defendants are entitled to qualified immunity as to Plaintiffs' religious claims.

C. **By Holding The Agent Defendants Responsible For the Conduct of "Unnamed FBI Agents," The Panel Disregarded Controlling Supreme Court And Ninth Circuit Precedent**

As the panel found, Plaintiffs alleged that "unnamed FBI Agents" placed listening devices in Fazaga's office and AbdelRahim's home. *Fazaga* at 1225. Nevertheless, the panel concluded that Plaintiffs had sufficiently pled that Allen and Armstrong "were responsible" for this conduct, apparently because they told a confidential informant (a) that "they knew about" events in AbdelRahim's home from "audio surveillance in the house" and (b) "that electronic surveillance was 'spread indiscriminately' across" a number of area mosques. *Id.* at 1224. But the panel did not find that Plaintiffs alleged that Allen and Armstrong had any involvement in the *placement* of these devices. In other

words, the panel found that Plaintiffs stated a claim against Allen and Armstrong for the conduct of their colleagues.

That is not the law. Instead, as the panel noted elsewhere in its decision, Plaintiffs "'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Fazaga* at 1225 (*quoting Iqbal*, 556 U.S. at 676). Thus, having found that "unnamed FBI agents" were allegedly responsible for placing devices in Fazaga's office and AbdelRahim's home, the panel erred by concluding that Plaintiffs stated a claim against Allen and Armstrong for that same conduct.

Indeed, the panel reached the correct conclusion with respect to the other individual defendants, holding that because the devices "are attributed only to unnamed FBI agents," Plaintiffs' "complaint does not plausibly allege their personal involvement with respect to the planted devices." *Fazaga* at 1224. Yet Plaintiffs also fail to allege any "personal involvement" on Allen and Armstrong's part for these devices. Therefore, the panel should have reached the same result with respect to them. Its failure to do so is not only inconsistent with the decision's own internal reasoning but with the precedents cited above. Accordingly, rehearing or *en banc* review is necessary.

## III.

## CONCLUSION

For the foregoing reasons, the Agent Defendants respectfully request rehearing – either by the panel or *en banc* – to conform the panel's decision to the controlling precedents cited above, and to ensure uniformity of the Court's decisions, under Rules 35 and 40 of the Federal Rules of Appellate Procedure.

Dated: June 14, 2019 　　　　Respectfully submitted,

　　　　　　　　　　　By: /s/Alexander H. Cote
　　　　　　　　　　　　　　DAVID C. SCHEPER
　　　　　　　　　　　　　　ALEXANDER H. COTE
　　　　　　　　　　　　　　ANGELA M. MACHALA

　　　　　　　　　　　　　　Attorneys for Appellants
　　　　　　　　　　　　　　PAT ROSE, PAUL ALLEN
　　　　　　　　　　　　　　AND KEVIN ARMSTRONG

# CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1 FOR CASE NO. 11-17609

I certify that, pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached reply brief is proportionately spaced, has a typeface of 14 points or more and contains 3486 words.

Dated: June 14, 2019         Respectfully submitted,

By:  /s/Alexander H. Cote
     DAVID C. SCHEPER
     ALEXANDER H. COTE
     ANGELA M. MACHALA

     Attorneys for Appellants
     PAT ROSE, PAUL ALLEN
     AND KEVIN ARMSTRONG

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 14, 2019.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 14, 2019, in Los Angeles, California.

s/ Christin Naud