**Consolidated Case Nos. 13-55017, 12-56867, 12-56874**

───────────────────────────────

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

───────────────────────────────

Yassir Fazaga, *et al.*,

Plaintiffs-Appellants,

v.

Federal Bureau of Investigation; *et al.*

Defendants- Appellees.

───────────────────────────────

On Appeal from the United States District Court, Central District of California
No. CV 11-301-CJC (VBK)

───────────────────────────────

**MOTION BY INDIVIDUAL CAPACITY DEFENDANTS FOR LEAVE TO FILE SEPARATE SUPPLEMENTAL BRIEF**

───────────────────────────────

Alexander H. Cote
WINSTON & STRAWN LLP
acote@winston.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700

*Attorneys for Defendants Paul Allen, Kevin Armstrong, and Patricia Rose*

Katie Moran
WILMER CUTLER PICKERING HALE AND DORR LLP
katie.moran@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-5300

Howard M. Shapiro
Catherine M.A. Carroll
WILMER CUTLER PICKERING HALE AND DORR LLP
howard.shapiro@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: (202) 663-6000

*Attorneys for Defendants J. Stephen Tidwell and Barbara Walls*

Pursuant to Fed. R. App. P. 27, Defendants Tidwell, Walls, Allen, Armstrong, and Rose (the "Individual-Capacity Defendants") jointly and respectfully move for leave to file a supplemental response brief not to exceed 7,000 words by September 19, 2022, separate from the supplemental response brief to be filed by the Government Defendants. *See* Dkt. Nos. 160 & 162 (directing the Defendants to file a single supplemental response "brief" by September 19, 2022).

Plaintiffs do not oppose the Individual-Capacity Defendants' motion for separate briefing, provided that: (1) Plaintiffs be permitted to file a reply brief on or before November 11, 2022; and (2) the word limit for Plaintiffs' reply brief be equal to the number of words used by the Individual-Capacity Defendants in their brief. All parties have agreed to this proposal. Good cause for this motion exists as follows.

Over the course of this litigation, this Court has permitted the Individual-Capacity Defendants to file separate briefs from the Government Defendants. *See, e.g.*, Dkt Nos. 47, 61, 62. Both the district court and the U.S. Supreme Court have followed the same practice.[1]

---

[1] Individual-Capacity Defendants Tidwell and Walls have generally filed separate briefs from Individual-Capacity Defendants Armstrong, Allen, and Rose, reflecting the fact that those groups of defendants are separately represented and differently situated in certain respects. For purposes of this Motion, however, the Individual-Capacity Defendants seek leave to file only one joint brief on behalf of Tidwell, Walls, Armstrong, Allen, and Rose collectively.

On May 10, 2022, this Court directed the Plaintiffs to file a supplemental brief limited to 7,000 words addressing what issues this Court should address following remand from the U.S. Supreme Court and directed the "Defendants" to file "a supplemental brief" limited to 7,000 words in response. Dkt. 160. On May 20, 2022, the Court issued a further order amending the briefing schedule, providing that "Defendants' response brief" shall be due on September 19, 2022. Dkt. 162.

Although the Court's May 10, 2022 and May 20, 2022 Orders appear to contemplate a single, joint brief on behalf of all Defendants, good cause exists for adhering to the practice of separate briefing at the current stage of this case.

First, the Individual-Capacity Defendants have a substantial interest in the state-secrets-privilege issues that is distinct from the interests of the Government Defendants. In particular, an assertion of the state-secrets privilege and the availability of the state-secrets dismissal remedy have unique implications for private defendants sued alongside the government. Moreover, the Individual-Capacity Defendants have a distinct basis—stemming from their distinct perspective as private defendants with no control over privileged materials or the decision to assert the privilege—for contending that a dismissal remedy should be available in certain cases where the government has asserted the privilege.

Second, the Individual-Capacity Defendants intend to raise arguments under *Egbert v. Boule*, 142 S. Ct. 1793 (2022), a recent Supreme Court decision which limits the availability of damages against federal officers under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because that issue uniquely affects defendants sued in their personal capacities and the constitutional claims Plaintiffs assert against the Individual-Capacity Defendants, the Individual-Capacity Defendants likewise have an interest in that issue distinct from that of the Government Defendants.

Accordingly, the Individual-Capacity Defendants respectfully seek leave to file their own brief separate from the Government Defendants, with each defense-side brief limited to 7,000 words respectively.

Undersigned counsel has conferred with counsel for the Plaintiffs, who have indicated that Plaintiffs do not oppose this motion provided that Plaintiffs be permitted to file a reply brief on or before November 11, 2022, that does not exceed the length of the Individual-Capacity Defendants' brief.[2] The Individual-Capacity Defendants agree to this proposal. Undersigned counsel has also

---

[2] For example, if the Individual-Capacity Defendants file a brief containing 6,000 words, Plaintiffs' reply would be limited to 6,000 words. The Individual-Capacity Defendants do not anticipate requiring the full allotment of 7,000 words and will strive for brevity, but all parties agree that the Court's allotment of 7,000 words remains an appropriate outside limit for each defense-side brief respectively.

- 4 -

conferred with counsel for the Government Defendants, who likewise agree to this proposal.

Dated: August 26, 2022          Respectfully submitted,

/s/ *Alexander H. Cote*
Alexander H. Cote
*Counsel for Defendants Paul Allen, Kevin Armstrong, and Pat Rose*

Dated: August 26, 2022          Respectfully submitted,

/s/ *Catherine M.A. Carroll*
Catherine M.A. Carroll
*Counsel for J. Stephen Tidwell and Barbara Walls*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2022, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ *Alexander H. Cote*
Alexander H. Cote