

**U.S. Department of Justice**
Civil Division, Appellate Staff
202-305-1754
Joseph.F.Busa@usdoj.gov

VIA CM/ECF

October 11, 2022

Molly C. Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

RE: *Fazaga v. FBI* (Nos. 12-56867, 12-56874, & 13-55017)

Dear Ms. Dwyer:

The government writes pursuant to Federal Rule of Appellate Procedure 28(j) to inform this Court of a new memorandum issued by the Attorney General regarding the state-secrets privilege. *See* Office of the Attorney General, *Supplement to Policies and Procedures Governing Invocation of the State Secrets Privilege* (Sept. 30, 2022), https://perma.cc/4VF4-4WHL (attached) (hereinafter *Supplement*).

That memorandum "reaffirm[s]" the policies and procedures required by an earlier 2009 memorandum that was discussed in the government's recently filed supplemental brief (at 4). *Supplement* 1. The new memorandum also "set[s] forth additional policies and procedures." *Id.* As relevant here, the new memorandum provides that the government is "responsible for confirming at appropriate intervals throughout the pendency of the litigation that the invocation [of the state-secrets privilege] continues to satisfy the standards set forth in" the 2009 memorandum. *Id.* at 2. "[T]he United States will not defend the invocation on appeal (whether as appellant or appellee) or certiorari (whether as petitioner or respondent) unless the relevant Assistant Attorney General seeks and receives confirmation from the requesting

1

department or agency head that such invocation continues to satisfy the standards set forth in" the 2009 memorandum "and conveys that confirmation to the Attorney General." *Id*. "In addition, in any case in which the Department has previously sought dismissal of a case or claim based on invocation of the privilege, the Department will not defend the request for dismissal on appeal or certiorari unless the Assistant Attorney General for the Division responsible for the litigation or, in a matter before the Supreme Court, the Solicitor General, confirms to the Attorney General that dismissal continues to satisfy the standard set forth in" the 2009 memorandum. *Id*.

The government explained in its recently filed supplemental brief in this case (at 10) that the government had undertaken "another round of careful review" before filing that brief and had concluded that invocation of the privilege and dismissal of certain claims remained necessary to protect national security. The government's position in this matter comports with the process set out in this new memorandum.

       Sincerely,

       */s/ Joseph F. Busa*
       JOSEPH F. BUSA
       Counsel for the Federal Appellees

cc: all counsel (via CM/ECF)



# Office of the Attorney General
## Washington, D. C. 20530

September 30, 2022

MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES
HEADS OF DEPARTMENT COMPONENTS

FROM: THE ATTORNEY GENERAL

SUBJECT: SUPPLEMENT TO POLICIES AND PROCEDURES GOVERNING INVOCATION OF THE STATE SECRETS PRIVILEGE

    The Department of Justice is committed to ensuring that the United States invokes the state secrets privilege only when genuine and significant harm to national defense or foreign relations is at stake and only to the extent necessary to safeguard those interests. To provide greater accountability and reliability in the invocation of the privilege, in 2009 the Attorney General promulgated policies and procedures to govern the invocation of the state secrets privilege in litigation.[1]

    By this memorandum, I am reaffirming those policies and procedures. The following paragraphs set forth additional policies and procedures to ensure that the United States continues to invoke the privilege only when necessary and appropriate.

    A. <u>Additional Procedures for Invocation of the Privilege in Civil Litigation</u>

    1. *Required Declaration(s)*. In cases in which a U.S. Government department or agency seeks to invoke the state secrets privilege in civil litigation, that department or agency head must submit to the Assistant Attorney General for the Division responsible for the litigation a formal request to defend invocation of the privilege, together with a declaration by the department or agency head based on personal consideration of the matter. The request may be submitted through the relevant general counsel. If the declaration is not sufficiently detailed or based on the department or agency head's personal knowledge, it must be accompanied by, and

---

[1] *See* Memorandum from the Attorney General, *Policies and Procedures Governing Invocation of the State Secrets Privilege* (September 23, 2009), *available at* https://www.justice.gov/sites/default/files/opa/legacy/2009/09/23/state-secret-privileges.pdf. The Deputy Attorney General subsequently issued internal policies and procedures implementing the Attorney General's memorandum. *See* Memorandum from the Deputy Attorney General, *Implementation of Policies and Procedures Governing Invocation of the State Secrets Privilege* (November 5, 2009).

Memorandum for Heads of Executive Departments and Agencies
Heads of Department Components                                                                                          Page 2
Subject:  Supplement to Policies and Procedures Governing
           Invocation of the State Secrets Privilege

incorporate consideration of, a more detailed declaration based on personal knowledge by a subject-matter or classification expert from the department or agency.

  2. *Director of National Intelligence Consultation.*  If a department or agency within the U.S. Intelligence Community, as defined under 50 U.S.C. § 3003(4), seeks to invoke the privilege and rely upon a declaration from the head of a department or agency other than the Director of National Intelligence, and the declaration involves the intelligence activities of an Intelligence Community element, the department or agency's request to the Department of Justice must reflect consultation with the Director of National Intelligence with respect to the requested invocation and proposed declaration.

  3. *Timelines.*  Except in exigent circumstances or when a court-imposed litigation schedule makes it impossible to do so, the request and declaration(s) must be provided to the Department of Justice at least 40 calendar days before the date it is anticipated that the privilege must be invoked in litigation.  Draft declarations may be provided initially, but final declarations must be submitted to the Department of Justice at least 15 calendar days before the date it is anticipated that the privilege must be invoked in litigation.  The request, declaration(s), and required Department recommendations must be presented to the Attorney General for decision at least 10 calendar days before the date it is anticipated that the privilege must be invoked in litigation.

  B. <u>Continuing Obligations after Defense of the Invocation</u>

  After the Attorney General has approved defending the invocation of the privilege, the requesting department or agency and the relevant litigating division remain responsible for confirming at appropriate intervals throughout the pendency of the litigation that the invocation continues to satisfy the standards set forth in Section 1(a) of the 2009 Attorney General Memorandum.  Any change in circumstances that casts doubt on the continued need for invocation of the privilege should promptly be brought to the attention of the requesting department or agency head and the Attorney General.

  In any case in which the Attorney General has previously approved defending invocation of the privilege, the United States will not defend the invocation on appeal (whether as appellant or appellee) or certiorari (whether as petitioner or respondent) unless the relevant Assistant Attorney General seeks and receives confirmation from the requesting department or agency head that such invocation continues to satisfy the standards set forth in Section 1(a) of the 2009 Attorney General Memorandum, and conveys that confirmation to the Attorney General.

  In addition, in any case in which the Department has previously sought dismissal of a case or claim based on invocation of the privilege, the Department will not defend the request for dismissal on appeal or certiorari unless the Assistant Attorney General for the Division responsible for the litigation or, in a matter before the Supreme Court, the Solicitor General, confirms to the Attorney General that dismissal continues to satisfy the standard set forth in Section 1(b) of the 2009 Attorney General Memorandum.

Memorandum for Heads of Executive Departments and Agencies
                      Heads of Department Components            Page 3
Subject: Supplement to Policies and Procedures Governing
            Invocation of the State Secrets Privilege

The Solicitor General and the relevant Assistant Attorney General will keep the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General advised of all appeals and petitions for writs of certiorari involving invocation of the state secrets privilege a reasonable time before the Department's briefs must be filed.

### C. Classified Information in Criminal Proceedings

The Department of Justice has long taken the position, and several courts have agreed, that the classified information privilege, rather than the state secrets privilege, applies in criminal litigation. *See, e.g.*, *United States v. El-Mezain*, 664 F.3d 467, 521-22 (5th Cir. 2011); *United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009). Some courts, however, have required the government to invoke the state secrets privilege in criminal cases governed by the Classified Information Procedures Act (CIPA), 18 U.S.C. app. 3 §§ 1-16. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 78-80 (2d Cir. 2008). Therefore, although the Department policies and procedures set forth today and in 2009 do not apply in criminal litigation, the National Security Division will ensure that any declaration filed pursuant to CIPA complies with applicable circuit precedent. Declarations in courts that require the government to assert the state secrets privilege in criminal litigation covered by CIPA will be subject to procedures developed by the Assistant Attorney General for the National Security Division in consultation with the Assistant Attorneys General for the Civil and Criminal Divisions.[2]

---

[2] The policies contained in this memorandum, and internal Department procedures adopted pursuant thereto, are intended solely for the guidance of attorneys for the government. They are not intended to, and do not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.