

333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071
T +1 (213) 615-1700
F +1 (213) 615-1750

NORTH AMERICA  SOUTH AMERICA  EUROPE  ASIA

ALEXANDER H. COTE
Partner
+1 213-615-1993
ACote@winston.com

April 12, 2023

Molly C. Dwyer
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103

      RE:    *Yassir Fazaga, et al. v. FBI, et al.*
              Ninth Circuit Case Nos. 13-55017, 12-56874, 12-56867
              Scheduled for oral argument on April 20, 2023 before Judges Ronald M. Gould, Marsha S. Berzon, and George Caram Steeh, III

Dear Ms. Dwyer:

      Respondents Kevin Armstrong, Paul Allen, Pat Rose, Barbara Walls, and J. Stephen Tidwell ("Agent Defendants")[1] respectfully cite *Mejia v. Miller*, 61 F.4th 663 (9th Cir. Mar. 2, 2023), as supplemental authority under Federal Rule of Appellate Procedure 28(j).

      In their Joint Supplemental Brief, the Agent Defendants argued that the Court should affirm dismissal of Plaintiffs' *Bivens* claims under recent Supreme Court decisions limiting the reach of *Bivens,* including *Egbert v. Boule*, 142 S. Ct. 1793 (2022). (Dkt. No. 173 at 23-29.) In their Supplemental Reply Brief, Plaintiffs did not explain how their *Bivens* claims could survive under *Egbert.* (Dkt. No. 182 at 28-29.) Instead, they argued only that the district court should address *Egbert*'s application in the first instance. (*Id.*)

      *Mejia* held that it was proper to apply *Egbert* for the first time at the appellate stage. In *Mejia*, the defendant federal officer moved for summary judgment on qualified immunity, but "did not raise the issue of whether a *Bivens* cause of action existed." *Mejia*, 61 F.4th at 666. Even so, this Court "first address[ed] whether a cause of action exists under *Bivens*" in light of *Egbert*, noting that "the existence of the cause of action is an antecedent legal question defining the claim and it is directly implicated by the defense of qualified immunity." *Mejia*, 61 F.4th at 665 (citations omitted). Thus, even though the district court had not addressed whether a *Bivens* claim existed, this Court still applied *Egbert* and instructed the district court to enter summary judgment in the officer's favor.

      Sincerely,

      Alexander H. Cote

---

[1] Counsel for respondents Walls and Tidwell join in this letter.