

April 14, 2023

Molly C. Dwyer
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

*Via electronic filing*

**RE: *Yassir Fazaga, et al. v. FBI, et al.;* Case Nos. 13-55017, 12-56874, 12-56867
Response to Agent Defendants' Rule 28(j) letter**

Dear Ms. Dwyer:

  Plaintiffs file this response to the Agent Defendants' Rule 28(j) letter concerning *Mejia v. Miller*, 61 F.4th 663 (9th Cir. 2023).

  *Mejia* lends no support to the Agent Defendants' demand that this Court, and not the district court, decide the *Bivens* issues first. *Mejia* was an interlocutory appeal of a denial of qualified immunity in defense of an excessive force claim. The availability of a *Bivens* remedy was undisputed in the district court and in the initial appellate briefing. When the Supreme Court decided *Egbert v. Boule*, 142 S. Ct. 1793 (2022) after briefing concluded, this Court requested supplemental briefing on the availability of a *Bivens* cause of action because "the existence of the cause of action is an antecedent legal question . . . directly implicated by the defense of qualified immunity." *Mejia*, 61 F.4th at 665.

  This case is different. The state-secrets issues on appeal here do not depend on the existence of the *Bivens* causes of action against the Agent Defendants, because they remain relevant for Plaintiffs' injunctive relief claims against the Government. Further, "[t]he district court never addressed whether a *Bivens* remedy is available for any of the religion claims because it dismissed the claims in their entirety based on the state secrets privilege," and this Court consequently declined to address them on appeal. *Fazaga v. FBI*, 965 F.3d 1015, 1059 (9th Cir. 2020). And although this Court reversed the district court's dismissal of the Fourth Amendment claims and partially denied Defendants' Allen and Armstrong's requests for qualified immunity, *id.* at 1055–56, Plaintiffs' search claims will proceed under FISA regardless, and *Mejia* does not *compel* the consideration of their *Bivens* arguments before the district court has an opportunity to address them.

      To the contrary, prudence still dictates that the district court address *Egbert* and *Ziglar v. Abbasi*, 582 U.S. 120 (2017) first, particularly where this Court has already declined to do so once before and where the Agent Defendants would not be prejudiced otherwise. Pls. Suppl. Reply Br. 22–23.

                                                  Sincerely,

                                                  Peter Bibring
                                                  Counsel for Plaintiffs