IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASSIR FAZAGA, et al.,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants-Appellees. | Nos. 12-56867, 12-56874, & 13-55017 |

## UNOPPOSED MOTION FOR A 30-DAY EXTENSION OF THE TIME IN WHICH TO PETITION FOR REHEARING

Pursuant to Federal Rules of Appellate Procedure 26(b)(2) and 27, the government respectfully requests a 30-day extension of the time in which to file any petition for panel or en banc rehearing of the panel's recent opinion in this case, to and including March 5, 2025. All other parties have indicated they do not oppose this extension.

1. This complex appeal arises from a civil action brought by three members of the Muslim community in Southern California against the United States, the Federal Bureau of Investigation, two FBI officials in their official capacities, and five current and former FBI employees in their individual capacities. As particularly relevant to this motion, the

government invoked the state secrets privilege over certain categories of information, *see United States v. Reynolds*, 345 U.S. 1 (1953), and the district court dismissed all but one of plaintiffs' claims on the basis of the state-secrets privilege. *Fazaga v. FBI*, 884 F. Supp. 2d 1022 (C.D. Cal. 2012). On appeal, this Court issued an opinion affirming the judgment in part, reversing in part, and remanding for further proceedings. *Fazaga v. FBI*, 965 F.3d 1015 (9th Cir. 2020). The Supreme Court granted certiorari and reversed. *FBI v. Fazaga*, 595 U.S. 344 (2022). On remand from the Supreme Court, this Court ordered supplemental briefing and argument.

  2. On December 20, 2024, the panel issued an opinion that holds, *inter alia*, that dismissal of plaintiffs' claims as a result of the government's invocation of the state secrets privilege was not appropriate at this stage.

  3. Under Federal Rule of Appellate Procedure 40(a)(1), any petition for rehearing is currently due on February 3, 2025. The government respectfully requests that the Court extend that deadline by 30 days, to and including March 5, 2025.

4. The Solicitor General is responsible for determining whether the government should seek rehearing. *See* 28 C.F.R. § 0.20(a)-(b) (directing the Solicitor General to "[d]etermin[e] whether, and to what extent, appeals will be taken by the Government to all appellate courts (including petitions for rehearing en banc . . . )"). The requested 30-day extension of time is necessary to permit adequate time for consultation among the components of the government affected by the Court's decision and to permit preparation of a petition if authorized by the Solicitor General.

5. We have consulted with counsel for all other parties, and they have stated that they do not oppose the requested extension.

                                Respectfully submitted,

                                SHARON SWINGLE
                                (202) 353-2689

                                */s/ Brad Hinshelwood*
                                BRAD HINSHELWOOD
                                (202) 514-7823
                                  Civil Division, Appellate Staff
                                  U.S. Department of Justice
                                  950 Pennsylvania Avenue, N.W.
                                  Washington, D.C. 20530

JANUARY 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 */s/ Brad Hinshelwood*
BRAD HINSHELWOOD
Counsel for Federal Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32, I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 419 words, according to the count of Microsoft Word.

                                        */s/ Brad Hinshelwood*
                                        BRAD HINSHELWOOD
                                        Counsel for Federal Defendants